## FINDLING ET AL. *v.* FOSTER ET AL.

[No. 20,933.  Filed May 28, 1907.  Rehearing denied April 30, 1908.]

1. STATUTES.—*Repeal.—Implication.*—Repeals of statutes by implication are not favored, yet where the subsequent statute furnishes the exclusive rule upon the subject, or where the new statute covers the entire field covered by the prior one, the former is repealed by implication.  p. 326.
2. SAME.—*Title.—Highways.*—The title, "An act concerning highways," is sufficient to cover the entire subject of highways, including their improvement.  p. 327.
3. SAME.—*Repeal.—Highways.*—The highway act of 1905 (Acts 1905, p. 537, §6726 *et seq.* Burns 1905) repealed, by implication, the gravel road act of 1903 (Acts 1903, p. 255).  p. 327.

From Tipton Circuit Court; *J. F. Elliott,* Judge.

Petition for improvement of highway by John B. Findling and others, against which Edward E. Foster and others remonstrate. From a judgment for remonstrants, petitioners appeal. *Affirmed.*

*Gifford & Gifford* and *H. C. Sheridan,* for appellants.
*Every A. Mock,* for appellees.

Monks, J.—This proceeding was brought before the board of commissioners of Tipton county for the construction of a gravel road under the act of 1903 (Acts 1903, pp. 255-262) after the taking effect of the act concerning highways (Acts 1905, pp. 521-579, §6726 *et seq.* Burns 1905). Appellees filed a motion to dismiss the same before said board on the ground that said act of 1903 was not in force because repealed by said act of 1905. This motion was sustained, and the proceeding dismissed. On appeal by appellants to the court below said motion was renewed by appellees and sustained by the court, and final judgment rendered dismissing said proceeding.

The only question presented by this appeal is whether said act of 1903 was repealed by said act of 1905.

It is not claimed by appellee that said act of 1903 has been repealed in express terms, but that the act of 1905 is a complete revision and reënactment of all laws for the location, vacation, change and improvement of high-

1. ways, and that it therefore repealed all former laws on that subject. The act of 1905 is the result of the action of the legislature of 1905 on a bill reported to that body by the commissioners appointed under the act of 1903 (Acts 1903, p. 391), "to prepare a compilation, revision and codification of the laws of the State of Indiana, concerning public, private and other corporations, including * * * statutes relating to highways." While repeals of statutes by implication are not favored, it is well settled that when a new statute was intended to furnish the exclusive rule on a certain subject, it repeals by implication the old law on the

same subject, or when a new statute covers the whole sub-
ject-matter of an old one, and adds new provisions and
makes changes, and where such new law, whether it be in the
form of an amendment or otherwise, is evidently intended to
be a revision of the old, it repeals the old law by implication.
*Thomas* v. *Town of Butler* (1894), 139 Ind. 245, 248-253,
and authorities cited; *Hadley* v. *Musselman* (1886), 104 Ind.
459, 461, and cases cited; 26 Am. and Eng. Ency. Law (2d
ed.), 731-735; 1 Lewis's Sutherland, Stat. Constr. (2d ed.),
§§269-271; Endlich, Interp. of Stat., §§201, 202, 384.

The title of said act of March 9, 1903 (Acts 1903, p. 255)
reads: "An act concerning gravel and macadamized roads."

Said act of 1905, *supra,* is entitled: "An act concern-
ing highways," and therefore is broad enough to cover
the entire subject of highways, including their im-
provement. Sections 46-59 of said act of 1905 (§§6771-6784
Burns 1905) cover the plan of improvement, and were
clearly intended to be a revision and to take the place
of said act of 1903. That the legislature intended
said act of 1905 to repeal some former statutes is expressly
shown in the last clause of section 123 of said act (§6863
Burns 1905), which provides: "This act shall not have the
effect to release any penalty, forfeiture or liability incurred
under any former statute, nor shall it affect any pending liti-
gation or proceedings, but the same shall be concluded and
be effective in all respects as if this act had not been passed."
Under the authorities cited, it is evident that said act of
1903 (Acts 1903, p. 255) was repealed by said act of 1905.
It follows that the court below did not err in sustaining the
motion to dismiss said proceeding.

Judgment affirmed.