## STATE OF INDIANA, EX REL. GREENWALD, PROSE-CUTING ATTORNEY, v. SCHLICKER.

[No. 8,081.    Filed January 8, 1914.]

1. MUNICIPAL CORPORATIONS.— Officers.—Removal.—Statutory Provisions.—The Cities and Towns Act (Acts 1905 p. 278, §8883 et seq. Burns 1908) covers the whole subject of municipal legislation, and is a complete revision of the law for the government of cities and towns, and in view of §272 of the act (§9016 Burns 1908) repealing all former laws within the purview of the act, §240 thereof (§8894 Burns 1908) providing for the removal of the mayor and other officer of any city or town on conviction for oppression, malconduct or misfeasance in office, supersedes §9062 Burns 1908, Acts 1897 p. 278, §35, relating to the removal of officers generally.    pp. 319, 321, 323.

2. WORDS AND PHRASES.—"Purview."— The word "purview" as used in the law, means the enacting part of a statute as distinguished from the preamble, so that the provision of an act repealing all acts coming within its purview must be understood as repealing all acts in relation to all cases provided for by the repealing act, and not merely such as are inconsistent with its provisions.    p. 321.

3. STATUTES.—Construction.—Repeal.—In construing a statute to determine the scope of its repealing clause, it is the duty of the court to take into account the history of the act and the legislative intent.    p. 321.

4. STATUTES.—Codification.—Authority of Commissioners. — Under the act of 1903 (Acts 1903 p. 391), creating a commission to codify the statutes concerning public, private, and other corporations, the commission had authority to codify all laws concerning public corporations such as towns, and such authority was broad enough to authorize the fixing of penalties to be inflicted upon the delinquent officials of such corporations.    p. 323.

From Lake Superior Court; Virgil S. Reiter, Judge.

Action by the State of Indiana, on the relation of Charles E. Greenwald, Prosecuting Attorney in and for the Thirty-first Judicial Circuit, against Alexander G. Schlicker. From a judgment for defendant, the relator appeals. Affirmed.

J. A. Gavit, Kennedy & Shunk, John H. Gillett and Charles E. Greenwald, for appellant.

W. J. McAleer and L. V. Cravens, for appellee.

State, ex rel. *v.* Schlicker—55 Ind. App. 318.

SHEA, J.—This·is an appeal from a proceeding brought by appellant to oust appellee from the office of mayor of East Chicago, Indiana. The amended accusation before the court, and upon which ruling was made, charges that while appellee, Alexander G. Schlicker was the duly elected mayor of the city of East Chicago, in Lake County, Indiana, and while so acting as mayor, he committed very many acts of misconduct in public office, permitted all sorts of lawlessness, gambling and other crimes to be committed after having been duly notified of their existence; that he caused material to be purchased from corporations in which he was interested; that he permitted employes of the city to furnish supplies to the city; that he drew from the city treasury sums largely in excess of the amounts he was entitled to as salary as mayor; that he sold personal property belonging to the city, and received pay therefor; that such acts constituted a refusal and neglect on his part to perform his official duties. Prayer that appellee be deprived of and ousted from his office. Judgment for $500 and all other proper relief is asked in favor of the relator, the prosecuting officer Charles E. Greenwald.

Appellee's motion to dismiss the cause was sustained by the court, and judgment rendered in his favor. It is assigned that the court erred in sustaining this motion, and in rendering judgment dismissing the cause.

On behalf of appellant, it is insisted that the action was brought under §9662 Burns 1908, Acts 1897 p. 278, §35, which is an act providing for the impeachment and
1.  removal from office of public officers, approved March 8, 1897, which reads as follows: "When an accusation in writing, verified by the oath of any person, is presented to a circuit court, alleging that any officer within the jurisdiction of the court has been guilty of charging and collecting illegal fees for services rendered, or to be rendered, in his office, or has refused or neglected to perform the official duties pertaining to his office, the court

must cite the party charged to appear before the court at any time not more than ten nor less than five days from the time the accusation was presented; and on that day, or some other subsequent day not more than twenty days from the time the accusation was presented, must proceed to hear, in a summary manner, the accusation and evidence offered in support of the same, and the answer and evidence offered by the party accused; and if, on such hearing, it appears that the charge is sustained, the court must enter a decree that the party accused be deprived of his office, and must enter a judgment for five hundred ($500) dollars in favor of the prosecuting officer, and such costs as are allowed in civil cases.''

It is urged on behalf of appellee that §35 of the act of 1897 was repealed by the act of the General Assembly approved March 6, 1905, being an act concerning municipal corporations (Acts 1905 p. 219). Section 8894 Burns 1908, Acts 1905 p. 219, §240, reads as follows: ''In case the mayor or other officer of any city or town shall wilfully or corruptly be guilty of oppression, malconduct or misfeasance in the discharge of the duties of his office, he shall be liable to be prosecuted by indictment or affidavit in any court of competent jurisdiction, and, on conviction, shall be fined not exceeding one thousand dollars, and the court in which such conviction shall be had shall enter an order removing him from office.''

It will be observed that the original act under which this action is brought, provided for the impeachment and removal from office of all public officials within the jurisdiction of the circuit court. Section 240, *supra*, of the Cities and Towns Act provided a penalty for all city officials who should be found guilty of the offenses therein named, and upon conviction, they should be removed from office. Section 9016 Burns 1908, Acts 1905 p. 219, §272, being §272 of the act known as the Cities and Towns Act, reads as follows: ''All former laws within the purview of this act

except laws not inconsistent herewith and enacted at the present session of the general assembly, are hereby repealed," etc.

The word "purview" is defined in the Century Dictionary as follows: "A condition, provision or disposition. In law that part of a statute which begins with the words 2. 'Be it enacted' as distinguished from the preamble, and hence the whole body of provisions." "Field, scope, sphere or limits of anything, as of a law, authority, etc." It is also defined in the case of *State* v. *Reynolds* (1886), 108 Ind. 353, 9 N. E. 287, where the court quoting from the case of *Payne* v. *Conner* (1813), 3 Bibb (Ky.) 180, uses this language: "The meaning usually attached to this term (purview) by writers on law, seems to be the enacting part of a statute, in contradistinction to the preamble; and we think the provision of the act repealing all acts or parts of acts coming within its purview, should be understood as repealing all acts in relation to all cases which are provided for by the repealing act." "Where a statute repeals a prior statute so far as the prior statute comes within the purview of the later one, the word 'purview' applies to the enacting part, the body or subject of the act, in contradistinction from the other parts thereof, such as the preamble, the saving, and the proviso; and hence the repeal is not confined merely to such parts of the former act as are inconsistent with the provisions of the repealing act. *The San Pedro* [1817], 15 U. S. (2 Wheat.) 132, 139, 4 L. Ed. 202." 7 Words and Phrases 5870.

It is the duty of the court to take into account the history and intention of legislative enactments. *Morris* v. *City of Indianapolis* (1912), 177 Ind. 369, 94 N. E. 3. 705; *Thomas* v. *Town of Butler* (1894), 139 Ind. 245, 38 N. E. 803; *Hadley* v. *Musselman* (1886), 104 1. Ind. 459, 3 N. E. 122. In the well considered case of *Frank* v. *City of Decatur* (1910), 174 Ind. 388,

92 N. E. 173, the court, having under consideration chapter 129, Acts 1905 p. 219, in referring to the duty of the codification committee which drafted that act, as provided in Acts 1903 p. 391, used the following language, which is appropriate in the consideration of this case: "Out of this direction grew the act of 1905, *supra,* which we know historically was an attempt to systematize, harmonize and simplify our municipal laws. While it could hardly be expected to embrace every possible condition which might arise, it goes far to codify the whole subject. As to all cities, except those of the fifth class, the act is quite definite and specific; as to those of the fifth class, the act depends for construction and enforcement upon the analogous conditions under the other classes." It is within the knowledge of this court that it was the intention of the legislature, in the Cities and Towns Act, *supra,* to legislate upon the whole subject pertaining to cities and towns. In it, by §8894 Burns 1908, *supra,* the legislature provided in a statute broad and comprehensive in its terms for a punishment by fine and for the removal of a city or town official from office in case of failure to discharge his duty. In the case of *Findling* v. *Foster* (1908), 170 Ind. 325, 84 N. E. 529, the court in construing the language of the highway act of 1905 prepared by the commission created by an act of the General Assembly of 1903, uses this language: "The act of 1905 is the result of the action of the legislature of 1905 on a bill reported to that body by the commissioners appointed under the act of 1903 (Acts 1903 p. 391), 'to prepare a compilation, revision and codification of the laws of the State of Indiana, concerning public, private and other corporations, including * * * statutes relating to highways.' While repeals of statutes by implication are not favored, it is well settled that when a new statute was intended to furnish the exclusive rule on a certain subject, it repeals by implication the old law on the same subject, or when a new statute covers the whole subject-matter of

an old one, and adds new provisions and makes changes, and where such new law, whether it be in the form of an amendment or otherwise, is evidently intended to be a revision of the old, it repeals the old law by implication.'' It will be observed that the act being construed by the court at this time is even stronger than the highway act construed by the court in *Findling.* v. *Foster, supra,* for the reason that the Cities and Towns Act contains a general repealing clause.

The title to the act of 1903, *supra,* creating the commission which codified and presented to the legislature the act being considered, contains this language: ''An 4. Act creating a commission to prepare a compilation, revision and codification of the Statute laws of the State of Indiana, concerning public, private and other corporations.'' The first section of the act creating the commission contains this language: ''Section 1. Be it enacted by the General Assembly of the State of Indiana, That a commission to prepare a compilation, revision and codification of the laws of the State of Indiana, concerning public, private and other corporations, including statutes concerning combinations and trusts, and also statutes relating to highways and drainage, and such other statute laws of the State of Indiana as such commission shall deem proper'', etc. It is clear, therefore, that the commission had authority to codify all laws concerning public corporations such as towns, hence its authority was broad enough to cover penalties to be inflicted upon its delinquent officials.

We think it is also clear that the legislature intended in the Cities and Towns Act to cover the whole subject of municipal legislation, and that it was intended to be 1. a complete revision of the law respecting the government of cities and towns. It is equally clear that there is a conflict in the general act providing for the impeachment of officers, and the Cities and Towns Act, which provided for the impeachment of municipal officers only. The punish-

ment to be inflicted upon municipal officers for failure or neglect of duty was within the purview of the act. This is determined beyond question by the fact that the legislature actually took cognizance of it, and fixed the punishment which should be inflicted.

Very able briefs have been filed by the learned counsel, and many questions are ably argued, but a further discussion of them in this opinion would needlessly prolong it, and in view of the conclusion we have reached, is unnecessary.

Judgment affirmed.

NOTE.—Reported in 103 N. E. 807. As to removal of officers for cause, see 135 Am. St. 250. As to repeal of statutes by implication, see 14 Am. Dec. 209; 88 Am. St. 271. See, also, under (1) 28 Cyc. 433; (2) 32 Cyc. 1273, 36 Cyc. 1071; (3) 36 Cyc. 1069, 1138, 1169.