## GAUGHAN ET AL. *v*. STATE OF INDIANA.

[No. 23,258. Filed January 29, 1918. Rehearing denied April 12, 1918.]

1. MUNICIPAL CORPORATIONS.—*Officers.*—*Malfeasance in Office.*— *Statutes.*—*"Officers Holding Under Laws of State."*—Section 2389 Burns 1914, Acts 1905 p. 698—a re-enactment of §113 of the Criminal Code of 1881—providing fine and imprisonment of officers holding under the laws of the state for certain acts, applied to municipal officers, including patrolmen, until its modification by §240 of the act concerning municipal corporations, Acts 1905 p. 386, §8894 Burns 1914. pp. 336, 337.

2. STATUTES.—*Re-enactment.*—*Intermediate Modifying Acts.*— A statute that modifies a prior statute is not repealed by the subsequent re-enactment of the prior act, but remains in force to limit or modify the re-enacted statute to the same extent that it did before the re-enactment. p. 337.

3. MUNICIPAL CORPORATIONS.— *Officers.*— *Misconduct.*— *Punishment.*—Section 2389 Burns 1914, Acts 1905 p. 698—a re-enactment of §113 of the Criminal Code of 1881—relative to the punishment of any officer of the state, is no longer applicable to officers of cities and towns, since it was modified by §240

of the act concerning municipal corporations, Acts 1905 p. 386, §8894 Burns 1914, providing punishment for such officers, although the last-mentioned act was first approved.    pp. 337, 338.

4. CRIMINAL LAW.—*New Trial.—Verdict Contrary to Law.*—A verdict fixing a punishment of fine and imprisonment where the statute does not provide for imprisonment, is contrary to law, and the defendant is entitled to a new trial.  p. 338.

From Marion Criminal Court; *Will M. Sparks,* Special Judge.

Prosecution by the State of Indiana against John Gaughan and Herbert Smutte. From a judgment of conviction, the defendants appeal. *Reversed.*

*Holmes & McCallister,* for appellants.

*Ele Stansbury,* Attorney-General, *Alvah J. Rucker, Elmer E. Hastings* and *Dale F. Stansbury,* for the state.

LAIRY, J.—Appellants, who were patrolmen on the police force of the city of Indianapolis, were tried and convicted on an indictment in fifteen counts wherein they were charged with a failure to perform an official duty. It is conceded by all parties to the appeal that the statute under which the indictment was drawn and upon which the conviction rests is §2389 Burns 1914, Acts 1905 p. 698, which reads as follows: "Any officer under the constitution or laws of this state, who, under the color of his office, asks, demands or receives any fee or reward other than is allowed by law, to execute or do his official duty, or taxes, charges, asks, demands or receives any more or greater fees than are allowed by law for such official duty; or any officer who requires any deputy appointed by him to divide or pay back to such officer a part of the legal fees of such deputy; or who fails to perform any duty in the manner and within the time prescribed by law, shall, on conviction, be fined not less than ten dollars nor more than five hundred dollars, and imprisoned in the county jail not exceeding six months."

As showing that appellants failed to perform an official duty in the manner and within the time prescribed by law it is alleged in substance in the several counts of the indictment that appellants and each of them did then and there, while acting within the scope of their duties, employment, and appointment as such officers, knowingly and wilfully fail and refuse to suppress and restrain the keeping of certain houses of ill fame resorted to then and there for the purpose of prostitution. The different houses of prostitution which appellants are charged with failing to suppress are described in the different counts of the indictment. The language in which the charge is made varies somewhat in the separate counts, but the general character of the charge is substantially the same in all.

Section 2389, *supra,* by its terms is comprehensive enough to include all persons holding office under the Constitution and laws of the state. Municipal 1. officers, including patrolmen, hold their offices under the laws of the state. *Hopewell* v. *State* (1899), 22 Ind. App. 489, 54 N. E. 127; *City of Lafayette* v. *Timberlake* (1882), 88 Ind. 330. While the section relates principally to extortion by officers in the charging and collecting of fees as specified therein, it contains a provision to the effect that any such officer who fails to perform any duty in the manner and within the time prescribed by law shall be subject to the punishment and penalties provided by the section.

Appellants assert that this section, in so far as it could be held to apply to officers of cities and towns, is repealed by §240 of an act concerning municipal corporations, which was approved March 6, 1905. Acts 1905 p. 386, §8894 Burns 1914. This section, which provides for the punishment of mayors and other officers of cities and towns for official misconduct, reads as follows: "In case the mayor or other officer

of any city or town shall wilfully or corruptly be guilty of oppression, malconduct or misfeasance in the discharge of the duties of his office, he shall be liable to be prosecuted by indictment or affidavit in any court of competent jurisdiction, and, on conviction, shall be fined not exceeding one thousand dollars, and the court in which such conviction shall be had shall enter an order removing him from office."

Section 272 of the same act (§9016 Burns 1914) provides that all former laws within the purview of the act are thereby repealed, except laws not inconsistent therewith and enacted at the same session of the general assembly.

Section 2389, *supra,* was enacted as §113 of the Criminal Code of 1881. §2018 R. S. 1881. This section without change was re-enacted and continued in force by being embodied as §486 of "An Act concerning public offenses" approved March 10, 1905. This section was, by virtue of its enactment in 1881, in full force and effect at the time the act concerning municipal corporations was passed and approved and was subject to be repealed or modified by the provisions of that act. The fact that it was re-enacted as one of the sections of the act concerning public offenses approved later at the same session of the legislature could make no difference. It is a rule of statutory construction that a later law which is merely the re-enactment of a former law does not have the effect of repealing an intermediate statute which has qualified or limited such former law; but such intermediate act will remain in force to limit or modify the re-enacted law to the same extent that it did the first. *Gaston* v. *Merriam* (1885), 33 Minn. 271, 283, 22 N. W. 614; *Powell* v. *King* (1899), 78 Minn. 83, 84, 80 N. W. 850; *Collins*

*Coal Co.* v. *Hadley* (1906), 38 Ind. App. 637, 75 N. E. 832, 78 N. E. 353; 1 Lewis' Sutherland, Statutory Construction (2d ed.) §273.

It was the purpose of the section of the statute under which this prosecution was brought to provide for the punishment of official misconduct on the part of all officers holding under the Constitution or laws of the state; while it was the purpose of §240 of the act, *supra*, concerning municipal corporations to provide for the punishment of official misconduct on the part of only a certain class of such officers, namely, officers of cities and towns. In so far as the first section 3. was applicable to officers of cities and towns, it was clearly within the purview of the later section, and it must be held to be limited thereby so as to exclude from its application officers of cities and towns. *State, ex rel.* v. *Schlicker* (1913), 55 Ind. App. 318, 103 N. E. 807; *The San Pedro* (1817), 15 U. S. (2 Wheat.) 132, 139, 4 L. Ed. 402.

The punishment provided by the section of the statute under which appellants were indicted and tried is a fine and imprisonment, while the punishment 4. provided for official misconduct on the part of officers of cities and towns is a fine and removal from office but not imprisonment. By the verdict of the jury appellants were found guilty, and their punishment was fixed at a fine and also imprisonment. The verdict is therefore contrary to law and the motion for a new trial on that ground should have been sustained.

Judgment reversed, with instructions to sustain appellants' motion for a new trial.

NOTE.—Reported in 118 N. E. 565. Municipal officers, who are, Ann. Cas. 1914D 1229. See under (1) 28 Cyc 497; (2) 36 Cyc 1084; (4) 16 C. J. 1178.