RAUCH v. BOARD OF COMMISSIONERS OF MARION COUNTY.

[No. 9,972. Filed October 29, 1919. Rehearing denied January 30, 1920.]

1. APPEAL.—*Demurrer to Whole Complaint.*—*When Treated as Separate on Appeal.*—Where a demurrer, addressed to the complaint as a whole, was sustained as to each paragraph, to which ruling plaintiff excepted separately as to each paragraph and refused to plead further, and where the parties are of necessity interested in knowing whether there is a right of action upon each paragraph of the complaint, the demurrer will be treated on appeal as being separate to each paragraph. p. 415.

2. COUNTIES.—*Salaries of Officers.*—*Clerks of Courts.*—*Statutes.*— Acts 1911 p. 308, §7335a Burns 1914, was not an amendatory, but an independent, act and, as such, repealed all laws in conflict therewith. p. 417.

3. STATUTES.—*Re-enactment of Phrases.*—*"No Additional Compensation."*—*Construction.*—*Clerks of Courts.*—The words "no additional compensation" are used in §7335a Burns 1914, Acts 1911 p. 308, without limitation, and must be given their plain, ordinary and unequivocal meaning, unaffected by the judicial construction of the meaning of the words "no other compensation" as used in §21, Acts 1895 p. 319, §7226 Burns 1914, since the phrase was re-enacted without the limitations expressed in the former act. p. 417.

4. CLERKS OF COURTS.—*Compensation.*—*Counties of Over 150,000.*—A paragraph of complaint by the clerk of the Marion Circuit Court, that county having more than 150,000 inhabitants, to recover *per diem* compensation for attendance in court by himself or deputy during a period governed by the provisions of §7335a Burns 1914, Acts 1911 p. 308, did not state a cause of action. p. 417.

5. STATUTES.—*Amendments.*—*Separate Construction.*—Independent amendments, though contained in the same amendatory act, will be considered separately, each without reference to the effect of the others. p. 420.

6. CLERKS OF COURTS.—*Per Diem Compensation.*—*Counties Over 150,000.*—*Statutes.*—*Construction.*—Acts 1895 p. 319, §7202 *et seq.* Burns 1914, so far as concerned compensation *per diem* for the attendance of the clerk of the circuit court and his deputies upon the sessions of courts, with the judicial construction placed thereon, must be deemed to have been continuous from its enactment until its re-enactment by Acts 1913 p. 235, §7324 Burns 1914, since the amendment introduced into the re-enactment was declaratory of the judicial construction. p. 420.

7. STATUTES.—*Re-enactment Without Change.*—*Intermediate Acts.*—*Construction.*—A later law which is merely a re-enactment of a former, does not repeal an intermediate act which has qualified or limited the first one, but such intermediate act will be deemed to remain in force, and to qualify or modify the new act in the same manner as it did the first. p. 420.

8. CLERKS OF COURTS.—*Per Diem Compensation.*—*Counties Over 150,000.*—The clerk of the circuit court of Marion county, which has more than 150,000 inhabitants, is not entitled to *per diem* compensation for attendance upon sessions of court under §7324 Burns 1914, Acts 1913 p. 235, as §7335a Burns 1914, Acts 1911 p. 308, remained in force on that subject and modified such act in the same way it modified the act of 1895 p. 319, amended and re-enacted thereby, eliminating therefrom the right to such compensation in counties of 150,000 or more, and a paragraph of complaint therefor based on such re-enactment does not state a cause of action. p. 421.

9. STATUTES.—*Re-enactment With Changes.*—*Intermediate Acts.*—*Repeal by Implication.*—Where a law is re-enacted with changes or new matter enlarging rights, any intermediate law inconsistent with the new matter or changes is to that extent repealed. p. 422.

10. CLERKS OF COURTS.—*Counties Over 150,000.*—*Statutes.*—*Implied Repeal.*—Section 7324 Burns 1914, Acts 1913 p. 235, by its provision that insanity fees and fees for copying records,

including transcript fees, shall belong to and be the property of the clerk, to that extent repealed that provision of §7335a Burns 1914, Acts 1911 p. 308, which declares that the clerk shall have no other compensation than the salary therein provided.   p. 422.

11. CLERKS OF COURTS.—*Marion County.—Action for Insanity and Transcript Fees.—Pleading.*—Complaint by clerk of the circuit court of Marion county to recover transcript fees and fees in insanity cases, under §7324 Burns 1914, Acts 1913 p. 235, *held* to state a cause of action.  p. 422.

From Hendricks Circuit Court; *George W. Brill,* Judge.

Action by John Rauch against the board of commissioners of the county of Marion.  From a judgment for defendant, the plaintiff appeals.  *Reversed.*

*Tennant & Rauch* and *L. Ert Slack,* for appellant.
*Ensley W. Johnson* and *Joseph W. Hutchinson,* for appellee.

NICHOLS, P. J.—This action was commenced by the appellant against the appellee, in the Marion Circuit Court, and on change of venue was transferred to the Hendricks Circuit Court.  It appears by the complaint, which is in four paragraphs, that the appellant was clerk of the Marion Circuit Court from January 1, 1911, to December 31, 1914.  By the first paragraph of his complaint the appellant seeks to recover $8,358 alleged to be due him for services, commonly known as *per diem,* rendered Marion county, in attending the sessions of the several courts of said county for the period from April 21, 1911, to March 3, 1913; that is, from the time chapter 125 of the acts of 1911 went into force up to the time the 1913 amendment of §114 of the act of 1895 went into force.

By the second paragraph of his complaint the appellant seeks to recover $8,916 for *per diem* services

rendered Marion county in attending the several courts of said county during the period from March 4, 1913, to December 31, 1914, both inclusive, that is from the date that said act of 1913 went into force until the expiration of his term.

By the third paragraph of his complaint the appellant seeks to recover for transcript fees for the same period of time as is covered by the second paragraph of complaint; and by the fourth paragraph of his complaint he seeks to recover insanity fees for the same period of time.

A demurrer was addressed to this complaint as a whole, which was sustained to each paragraph of the complaint, to which ruling appellant excepted separately and severally as to each paragraph, and, appellant refusing to plead further, judgment was rendered against him on the ruling on said demurrer. From this judgment this appeal is prosecuted, and the appellant has assigned as error: (1) The court erred in sustaining the demurrer of appellee to the complaint of the appellant. (2) The court erred in sustaining the demurrer of appellee to the first paragraph of the complaint of the appellant. (3) The court erred in sustaining the demurrer of appellee to the second paragraph of the complaint of the appellant. (4) The court erred in sustaining the demurrer of appellee to the third paragraph of the complaint of appellant. (5) The court erred in sustaining the demurrer of appellee to the fourth paragraph of the complaint of appellant.

It will be observed that, while the demurrer was addressed to the complaint as a whole, it seems to have been treated as a separate and several

1. demurrer to each paragraph of the complaint, it was sustained by the court as to each para-

graph, and that the appellant's exceptions were separate. Because of this condition of the record, and further because the parties are of necessity interested in knowing as to whether there is a right of recovery upon each paragraph of the complaint, we shall treat the demurrer as a separate demurrer to each paragraph.

By §21 of the Fee and Salary Act (Acts 1895 p. 319) as it appears on page 322 of the said acts, it was provided that: "The county officers named herein shall be entitled to receive for their services, the compensation specified in this act, which compensation is rated in proportion to the population and the necessary services required in each of said several counties, subject to the conditions herein prescribed, and they shall receive no other compensation whatever." §7226 Burns 1914. In construing this act in the case of *Seiler* v. *State, ex rel.* (1903), 160 Ind. 605, 65 N. E. 922, 66 N. E. 946, 67 N. E. 448, the court said: "It will be observed that the term 'compensation' is employed three times. It is obvious that the legislature in the first two instances, in using the expression, meant and intended to refer to the annual salaries of the officers in each of the respective counties of the state, for by the express language of the section the compensation meant is disclosed to be that which 'is graded in proportion to the population and the necessary services required in each of said several counties.' No compensation under the act, other than the annual salary of the officer, is attempted to be graded according to the particular standard declared in the section. That it is the annual salary which is intended by the term in question is further manifested by the fact that immediately thereafter follows a list of all the counties of the state in which

the annual salary of each respective officer mentioned is specified or fixed.'' As the only compensation that was graded in proportion to the population was that of the annual salary of the officers involved, it follows that the compensation referred to was such annual salary; in other words, the court holds in that case in effect that ''compensation,'' as there used, and ''salary'' are synonymous. As the case of *State, ex rel.* v. *Flynn* (1903), 161 Ind. 554, 69 N. E. 159, involved the same section of the statute, and as the opinion was written by the same judge, and later in the same year as the Seiler case, it is but a reasonable inference that the word ''compensation'' was there used with the same limitation in meaning, and for the same reason. By this construction, the officers named in said act, which included the clerks of the various courts of the state, received, in addition to the salaries specified in said act, $2 per day for each day actually in attendance upon the session of any circuit, superior, or criminal court, by himself or deputy, and the same was paid to such clerk out of the county treasury. By chapter 125, Acts 1911 p. 308, §7335a Burns 1914, it is provided: ''That in all counties having a population of more than 150,000 according to the last preceding United States census, the salary of the clerk of the circuit court shall be $31,000, and that he shall receive no additional compensation whatever, and that all fees of every nature and kind, now collected by him shall be paid into the county treasury.''

It is contended by the appellee that this act placed all the clerks coming within the classification therein named, which includes the clerk of Marion county, upon a salary basis solely. While it is the contention of the appellant that said act of

2-4.

1911 amended §70 of the general Fee and Salary Law of 1895, *supra*, and increased the salary of the clerk of Marion county, but in no way disturbed his right to the *per diem* allowance provided in said act of 1895, as construed in the case of *Seiler* v. *State, ex rel., supra*, and *State, ex rel.* v. *Flynn, supra*. The legislative history does not justify the appellant's contention that the act of 1911 was simply amendatory of the act of 1895. It appears that the original bill, which was senate bill No. 202, was introduced as an amendment to the act of 1895 and bore the title: "A Bill for an Act to amend section 70 of an Act entitled 'An act fixing the compensation and prescribing the duties of a certain state and county officers, * * * approved March 11, 1895'." But, after passing through the meanderings of legislative development, it emerged therefrom with the title: "An Act concerning the appointment and salaries of county officials in counties having a population of not less than 150,000." By this it clearly appears that the bill lost its character as an amendment, and as finally passed under its present title, was an independent act, and as such repealed all laws in conflict therewith. By that act, the salary of the appellant, who was at the time the clerk of the Marion Circuit Court, was fixed at $31,000 "and that he shall receive no additional compensation whatever." The appellant contends that the expression "no additional compensation whatever" must have the same construction as had been judicially given to it in the case of *Seiler* v. *State, ex rel., supra,* but before this principle can apply the expression with the same limitations must have been re-enacted, and this is not the case.

In 2 Lewis' Sutherland, Statutory Construction,

§401, it is said, quoting from *Hadley* v. *Perks*, L. R. 1 Q. B. 457, that: "It has been a general rule  *  *  * for drawing legal documents from the earliest times, which one is taught when one first becomes a pupil to a conveyancer, never to change the form of words unless you are going to change the meaning; and it would be as well if those who are engaged in preparation of acts of parliament would bear in mind that that is the real principle of construction." And the author then follows up with the statement that: "Whether the change be by omission, addition, or substitution of words, the principle applies." Numerous authorities are cited.

In the case of *Seiler* v. *State, ex rel., supra,* the compensation referred to was the compensation which had been graded in proportion to the population and the necessary services required in each of the several counties; in other words, it was a salary, while in the acts of 1911 the term "compensation" was used without such limitation, and without which it must be given its plain, ordinary and unequivocal meaning; and when it says that such officers shall receive no other compensation, it must be understood to mean what it says, without any limitation upon the ordinary meaning and use of the word "compensation."

With this construction, we must hold that the first paragraph of complaint does not state a cause of action.

The amendatory act of 1913, aforesaid, contains the following provision not found in the original act of 1895, to wit: (1) With reference to compensation for *per diem* services, that such allowance shall belong to and be the property of the clerk. (2) With

reference to compensation for services in connection with the admission or discharge from any insane hospital of a patient, or for services in connection with the admission into, or discharge from, any insane hospital of a patient, upon a recurrence of his insanity, that said fee shall belong to and be the property of the clerk. (3) With reference to copying of any record or paper when demanded by any person or required by law, that the compensation for making such copies except the certificate fee shall belong to and be the property of the clerk. (4) With reference to going to and returning from the Governor's office for state ballots, the compensation therefor shall belong and be the property of the clerk. Acts 1913 p. 235, §7324 Burns 1914.

Each of these amendments is independent of the others, and each will therefore be considered without reference to the effect of the others. It will be observed that the first amendment above is but a re-enactment of the act of 1895, *supra,* as construed by the Flynn and Seiler cases. Therefore the act of 1895, with the construction aforesaid placed thereon, must be deemed to be continuous from the time of its enactment in 1895 until its re-enactment in 1913. It was in full force and effect at the time of the enactment of the law of 1911, and the provision therein with reference to *per diem* compensation was repealed by the act of 1911, for such provision was repugnant to, and inconsistent with, such act.

In Lewis' Sutherland Statutory Construction, §273, the following rule is given: "Where an act is amended or revised, and the former act expressly or by implication repealed, such provisions of the old law as are substantially re-enacted are

deemed to be continuous. 'A later law which is merely a re-enactment of a former does not repeal an intermediate act which has qualified or limited the first one, but such intermediate act will be deemed to remain in force, and to qualify or modify the new act in the same manner as it did the first.' This is especially true if the intermediate law is special or particular and the re-enacted law is a general law on the same subject. Where a law is amended and re-enacted as amended, any intermediate law inconsistent with the new matter introduced, or change made by the amendment, will be repealed. Where a law is substantially re-enacted, it is said to show that the legislature did not regard it as repugnant to an intermediate act to some extent covering the same subject.'' This principle is adopted in the case of *Collins Coal Co.* v. *Hadley* (1906), 38 Ind. App. 637, 75 N. E. 832, 78 N. E. 353, which cites many authorities sustaining it.

Applying this principle to the case at bar, it results that the act of 1913, so far as the *per diem* compensation is concerned, was merely a re-enactment of the law of 1895, and that as such it did not repeal the act of 1911, which had limited the first act as to such *per diem* compensation, but that such act of 1911 must be deemed to remain in force and to qualify and modify the act of 1913 in the same manner as it qualified and modified the act of 1895, and, as the right to *per diem* compensation in the counties of 150,000 or more had been eliminated from the act of 1895 by the act of 1911, such right was not reinstated by the act of 1913. It results from this conclusion that the second paragraph of the com-

plaint does not state cause of action. Appellant contends that this view of the law would make the act of 1911 unconstitutional. This question has not been presented to this court, except by way of argument, and could not be considered, if it were.

There was no provision for compensation to the clerk for services in insanity cases in the acts of 1895, nor was there any provision in said act for compensation for services in copying records or papers, which would include transcript fees. Again quoting from Lewis' Sutherland on Statutory Construction, §254, we have, as a well-established principle of law, that: "A new statute which affirmatively grants a larger jurisdiction or power, or right, repeals any prior statute by which a power, jurisdiction or right less ample or absolute had been granted. If the exercise of a power granted by the legislative act may include going beyond limits fixed by a prior statute, such limitation is impliedly removed, at least so far as it conflicts with the doing that which is subsequently authorized." This principle is in harmony with the principle quoted in Lewis' Sutherland, §273, *supra,* in which it is said that: "Where a law is amended and re-enacted as amended, any intermediate law inconsistent with the new matter introduced, or change made by the amendment, will be repealed." As the act of 1895 made no provision for compensation to the clerk for services in insanity cases, and for transcript fees, or other copies of records or papers, it must be held that the act of 1911 had no reference to such compensation; but the amendatory act of 1913 expressly provides that the insanity fees authorized by that act shall belong to, and be the property of, the clerk, and the same provision is made with reference to copies of records including tran-

script fees. This provision is clearly inconsistent with the provision of the act of 1911 that the clerk shall have no other compensation whatever than the salary of $31,000 there provided. These amendments clearly go beyond the limits fixed by the act of 1911 and such act, so far as insanity fees and transcript fees are concerned, must be held to be repealed. This is in harmony with the case of *Pittsburgh, etc., R. Co. v. Burton* (1894), 139 Ind. 357, 37 N. E. 150, 38 N. E. 594. We therefore hold that each of the third and fourth paragraphs of the complaint each states a cause of action. The demurrer therefore was properly sustained to each of the first and second paragraphs of the complaint, but erroneously sustained to each the third and fourth paragraphs.

The judgment is reversed, with instructions to the trial court to treat appellee's demurrer as a separate demurrer, and to sustain it to each the first and second paragraphs of complaint, and to overrule it as to each the third and fourth paragraphs of complaint, and for further proceedings in harmony with this decision. The costs of this appeal are taxed to the appellee.