## STEIN v. BOARD OF COMMISSIONERS OF MARION COUNTY.

[No. 11,298.   Filed June 30, 1922.   Rehearing denied November 15, 1922.   Transfer denied March 30, 1923.]

1. CLERKS OF COURTS.—*Clerk of Circuit Court.*—*Compensation.* —*Per Diem for Attendance at Court.*—*Statutes.*—Acts 1911 p. 308, (§7335a Burns 1914), providing that in all counties having a population of not less than 150,000 the salary of the clerk of the circuit court shall be an amount named, and no additional compensation whatever shall be received, and repealing all laws in conflict therewith, repeals Acts 1895 p. 319, §§70, 114, (§§7275, 7324 Burns 1914), fixing the salary of the clerk of the circuit court and allowing that official, in addition to the salary specified, the sum of two dollars per day for attending court in person or by deputy, in so far as such sections fixed the salaries of the clerks in the counties embraced within the act of 1911, so that the clerk of the circuit court of a county having 150,000 or more population is not entitled to a *per diem* for attendance at court in person or by deputy. p. 479.

2. STATUTES.—*General Acts.*—*Statute Fixing Salaries of Clerk of Courts in Certain Counties.*—Acts 1911 p. 308 (§7335a Burns 1914), providing that in all counties having a population of more than 150,000 the salary of the clerk of the circuit court should be in an amount named, is a general act, and not a special or local act.   p. 479.

3. STATUTES.—*Repeal by Implication.*—A repeal of a statute by implication is not favored.   p. 482.

From Marion Superior Court (A11,740); *Linn D. Hay*, Judge.

Action by Theodore Stein, Jr., against the Board of Commissioners of Marion County.   From a judgment for defendant, the plaintiff appeals.   *Affirmed.*

*Willis C. Nusbaum, L. Ert Slack* and *George G. Rinier*, for appellant.

*Harry C. Hendrickson*, for appellee.

MCMAHAN, J.—Complaint by appellant against appellee to recover $21,942 alleged to be due appellant for services commonly known as *per diem* in attending ses-

sions of the several courts in Marion county from January 1, 1915, to December 31, 1918, during which time appellant was clerk of the Marion Circuit Court.

A demurrer having been sustained to appellant's complaint, he reserved an exception and refusing to plead further, judgment was rendered against him. From this judgment he has appealed and assigns as error the action of the court in sustaining said demurrer.

Appellant concedes that if the opinion of this court in *Rauch* v. *Board, etc.*, 72 Ind. App. 412, 124 N. E. 704, was correctly decided this cause must be 1, 2. affirmed. In his brief and on oral argument appellant says the cause was filed, and this appeal is being prosecuted, for the purpose of having the decision in the Rauch case overruled.

Appellant contends that under §114 of the Fee and Salary Act, Acts 1895 p. 319, as amended in 1913, Acts 1913 p. 235, §7324 Burns 1914, he is entitled to two dollars for each day's attendance upon the sessions of the several courts of Marion county. A brief review of the acts bearing upon this question may not be amiss although they were fully set out and discussed in the Rauch case. The legislature in 1895 passed an act entitled: "An Act fixing the compensation and prescribing the duties of certain state and county officers, fixing certain fees to be taxed in the offices, and the salaries of officers therein named, providing for certain employes in certain public offices and fixing their compensation. * * *" Section 70 of this act fixed the annual salary of the clerk of the circuit court of Marion county at $19,500. Section 114 of the act (Acts 1895 p. 319) provided that the clerks of the several courts should tax and charge upon proper books "the fees and amounts provided by law, which amounts shall be designated as 'Clerk's Costs,' but they shall in no sense belong to and be the property of the clerk; but

shall belong to and be the property of the county." Then followed on pages 334-342 (Acts 1895 p. 319) a list and schedule of the fees and charges which the clerk was authorized to tax. This schedule of fees was followed by a provision allowing the clerk two dollars for each day's attendance upon the courts, as follows: "For attending court in person or by deputy, the clerk shall receive for each day the court is actually in session two dollars."

The supreme court in *State, ex rel.* v. *Flynn* (1903), 161 Ind. 554, 69 N. E. 159, held that the clerks of the several circuit courts of the state were entitled to be paid and to receive such *per diem* from the county in addition to the regular salary as fixed by the other sections of the act. Under this construction of the statute the clerk of the Marion Circuit Court was, by §70 of the act of 1895, (Acts 1895 p. 319) allowed a salary of $19,500, and under §114, (Acts 1895 p. 319) he was also entitled to two dollars for each day he, in person or by deputy, attended the several courts in his county.

In 1911 the legislature passed an act entitled "An Act concerning the appointment and salaries of certain county officials in counties having a population of not less than one hundred fifty thousand." Acts 1911 p. 308, §1, §7335a Burns 1914, provided: "That in all counties having a population of more than one hundred fifty thousand (150,000) according to the last preceding United States census, the salary of the clerk of the circuit court shall be thirty-one thousand dollars ($31,000) and that he shall receive no additional compensation whatever." Then followed a provision fixing the salary of the surveyors and assessors in such counties. Section 2 repealed all laws and parts of law in conflict with said act.

Appellant does not question the constitutionality of the act of 1911, fixing the salary of the clerk of the

Marion Circuit Court at $31,000. A holding that such act was unconstitutional would leave the salary of appellant at $19,500 plus the allowance of two dollars per day for attending court and such other items, if any, as were allowed by way of compensation in §114, Acts 1895 p. 319. Appellant refers to the act of 1911 as, "The special or local act of 1911," but we do not think it can be said to be a special or local act. It is a general act covering all counties then or thereafter coming within the class named, and fixed the salaries of the clerks of the circuit courts in the counties coming within its provisions at $31,000, and unequivocally provided that such clerks should "receive no additional compensation whatever." This clearly repeals §§70 and 114 of the act of 1895, Acts 1895 p. 319, in so far as they fixed the salaries of the clerks in the counties designated in the act of 1911, and we hold that after the act of 1911 went into effect the salary of the clerk of the circuit court in Marion county was fixed at $31,000, and that he was not thereafter entitled to the *per diem* for attending the several courts of the county.

In 1913, Acts 1913 p. 235, *supra,* §114 of the 1895 act, Acts 1895 p. 319, was amended so as to provide that certain charges authorized in said §114 of the act of 1895 should "belong to and be the property of the clerk." There may have been some question prior to the amendment of 1913 whether, under the provisions of said §114, the charges for certain services belonged to and was the property of the clerk. It is clear, however, that the clerks in counties of more than 150,000 were not entitled to such additional compensation as they had been placed in a class by themselves and their salaries and compensation were no longer regulated by that act. It is also clear that the legislature, when it amended said §114 in 1913, Acts 1913 p. 235, *supra,* knew that

said section at that time did not, in so far as compensation was concerned, apply to the clerk of the circuit court in Marion county. It knew that the salary of such clerk was fixed by the act of 1911 at $31,000, and that he was not entitled to any additional compensation whatever. Had the legislature by the act of 1913, Acts 1913 p. 235, supra, intended to change or amend the act of 1911, Acts 1911 p. 308, supra, so as to give the clerks of the courts named in that act compensation in addition to the annual salary of $31,000, it would have been a very easy matter for it to have so said. In view of the fact that there were two acts of the legislature fixing the salaries and compensation of the clerks of the circuit courts of the state, both of which were in operation when the act of 1913, Acts 1913 p. 235, supra, was passed, such a construction must be placed upon the act of 1913 as will allow and permit the act of 1911, Acts 1911 p. 308, supra, to stand and be operative if possible. A repeal of a statute by implication is not favored. Collins Coal Co. v. Hadley (1905), 38 Ind. App. 637, 75 N. E. 832, 78 N. E. 358.

As said by the supreme court in Gaughan v. State (1918), 187 Ind. 334, 337, 118 N. E. 565, 566: "It is a rule of statutory construction that a later law which is merely the re-enactment of a former law does not have the effect of repealing an intermediate statute which has qualified or limited such former law; but such intermediate act will remain in force to limit or modify the re-enacted law to the same extent that it did the first." See, also, Lake Agricultural Co. v. Brown (1917), 186 Ind. 30, 114 N. E. 755; Holle v. Drudge (1920), 190 Ind. 520, 129 N. E. 229.

After further consideration of the questions involved we are satisfied with the result reached in Rauch v. Board, etc., supra, so far as the questions there decided are applicable to the case at bar, and we

therefore hold there was no error in sustaining the demurrer to appellant's complaint.

The judgment is therefore affirmed.