THE CITY OF ALPENA v. ROBERT J. KELLEY, CIRCUIT JUDGE OF ALPENA COUNTY.

*Municipal corporations—Equity jurisdiction—Parties—Street improvements.*

1. Tax-payers who have a common ground of complaint may join in a bill to restrain the action complained of;[1] citing *Scofield v. City of Lansing*, 17 Mich. 437.

2. The question of the power of the chancery court to grant an injunction at the suit of an individual injuriously affected by the *ultra vires* acts of a corporation is settled in the affirmative by previous adjudications of this Court; citing *Curtenius v. Railroad Co.*, 37 Mich. 583.

3. Section 27 of the charter of the city of Alpena (Act No. 249, Local Acts of 1871), which prohibits the issuance by the city of any bond, note, or other obligation or evidence of indebtedness, except as provided in sections 9, 14, 50, and 85 of the charter, when construed in connection with section 14, which gives the common council power to regulate the times and manner of working upon the city streets, and to provide for the grading, planking, or paving, and railing sidewalks, and to prescribe the width thereof, does not exclude the council from making contracts for the current year, so long as it keeps within the amount of the fund actually provided in the annual budget.

*Mandamus.* Argued October 24, 1893.   Granted November 21, 1893.

---

[1] See *Barker v. Township of Vernon*, 63 Mich. 516; *Winslow v. Jenness*, 64 Id. 84.

Relator applied for *mandamus* to compel respondent to set aside an order restraining the issuance of orders, warrants, etc. The facts are stated in the opinion.

*George B. Greening,* for relator.

*Joseph H. Cobb,* for respondent.

MONTGOMERY, J.   Certain tax-payers of the city of Alpena united in filing a bill of complaint in the circuit court for the county of Alpena, in chancery, setting forth that they were tax-payers of the city, and were liable to be injuriously affected by the action of the city complained of.   It alleged that the city was engaged in work upon the highways, and was expending, and would expend in completing the work which had been mapped out, a large sum of money in excess of the amount actually in the hands of the treasurer; that the course of the city was to issue orders against the highway fund in payment for work done upon the streets, without regard to the question of whether the moneys spread upon the tax roll for highway purposes had been in fact collected.   The answer admitted the prosecution of the work, but alleged, first, that there was no intention of exceeding the amount actually voted for highway purposes, and that there was of the fund, still remaining unexpended, $4,921.38.   The circuit judge issued a restraining order, restraining the city and its officers from issuing any orders, warrants, notes, or other obligations, or other evidences of indebtedness, drawn upon or chargeable to the street, highway, and sidewalk fund of the city, and from in any manner pledging the faith or credit of the city in reference to said fund, except as to labor claims already incurred.   An application was made to this Court for a *mandamus* to compel the circuit judge to set aside the order.   Before the return to the order to show cause was made, the restraining order was modified

so as to permit the drawing of orders upon the treasury against said fund whenever there is money in the treasury to the credit of said fund with which to pay such orders; so that the apparent contention of the relator is, first, that, without regard to the question of whether the money is actually collected and in the hands of the treasurer, the city has the right to incur expense, and to issue orders upon the highway fund, to an amount equal to the tax voted to be raised for the year; and a second contention is that the complainants had no standing in the court of equity to interpose and ask the relief which was prayed.

We think that the question of the power of the court to grant an injunction, at the suit of an individual injuriously affected by the *ultra vires* acts of the corporation is settled in the affirmative by the previous adjudications of this Court. See *Curtenius v. Railroad Co.*, 37 Mich. 583. We think, also, that the complainants properly joined in the action, having a common ground of complaint. *Scofield v. City of Lansing*, 17 Mich. 437.

The question of the power of the council to issue obligations in excess of the amount of money in the hands of the treasurer turns upon the construction of section 27 of the charter of Alpena, which provides as follows:

"No bond or note or other obligation or evidence of indebtedness of said corporation shall be given or issued by said corporation, except as provided in sections 9, 14, 50, and 85 of this act, or by any officer thereof in his official capacity, whereby the said city shall become obligated to pay any sum of money; but the common council may indorse on all accounts which may be presented against said city the amount allowed by them thereon."

The contention of the complainants in the equity suit is that this section excludes the city from the power of incurring any obligation whatever in excess of the amount in the hands of the city. Is the section to be construed as so far restrictive of the powers of the council? We

think not.    The evident purpose of the section was to prevent the city incurring indebtedness not provided for in the annual budget.    But to hold that the city could in no case anticipate the actual collection of any portion of the tax might result in delaying the city unreasonably in making contracts, and subject the city to actions for negligent injuries, or, on the other hand, require the spreading of a tax so large that the promptly paid portions thereof would be sufficient to meet all expenses.    We think the section, when construed in connection with section 14, does not exclude the council from making contracts for the current year, so long as it keeps within the amount of the fund actually provided by the budget.    That this may result in leaving some percentage of the city's obligations unpaid at the end of the year is true, but it is not an attempt to create a funded debt.    On the contrary, the means are provided to meet it.

Section 14, which aids in reaching this conclusion, reads:

" The common council shall have power to regulate the times and manner of working upon the streets, lanes, and alleys in said city; to provide for the grading, planking, or paving, and railing the sidewalks, and to prescribe the width thereof."

We think that the answer of the city officers shows that there had been no excess of power, and the injunction should not have issued.

The writ of *mandamus* will issue as prayed.

The other Justices concurred.