## JORDAN v. CITY OF LOGANSPORT ET AL.

[No. 21,108. Filed November 24, 1908.]

1. MUNICIPAL CORPORATIONS.—*Sewer Improvements.—Indebtedness. —When Arises.*—The indebtedness created by the construction of a sewerage system arises upon the completion of the work, and its acceptance by the municipal authorities. p. 281.

2. SAME.—*Sewer Improvements.—Injunction.—Suits by Taxpayers.* —A taxpayer in a city has the right to restrain the city officers

from constructing a sewerage system the result of which would be to increase the city's indebtedness beyond the two per cent constitutional limit (Art. 13), and the threat by the city to do such act, or to assess a tax therefor, justifies the bringing of such a suit. p. 282.

From Cass Circuit Court; *James P. Wason*, Special Judge.

Suit by Michael A. Jordan against the City of Logansport and others. From a judgment for defendants, plaintiff appeals. *Reversed*.

*Walters & Long* and *Miller, Shirley & Miller*, for appellant.

*George W. Funk, M. Winfield, George C. Faber, D. B. McConnell, McConnell, Jenkines, Jenkines & Stuart, Lairy & Mahoney* and *Myers & Yarlott*, for appellees.

MONTGOMERY, J.—Appellant brought this suit against the city of Logansport, the members of its board of works, and Dennis Uhl, the contractor, for an injunction against the making of a threatened assessment against said city on account of the construction of a certain sewerage system. A temporary restraining order was issued upon the verified complaint, and subsequently, upon a hearing, dissolved. Appellees' demurrers to the amended complaint were sustained, and appellant declining to plead further, final judgment was rendered against him for costs.

The controlling questions are presented by the assignments that the court erred in sustaining the demurrers of appellees to the amended complaint.

The facts alleged in the complaint in this case are substantially the same as in the case of *City of Logansport v. Jordan* (1908), *ante*, 121, and the decision in that case settles the principal questions involved in this.

1. It was expressly held in that case that an indebtedness for the construction of a sewer came into existence upon the completion of the work in accordance with the contract, and its acceptance by the municipal authorities.

Appellees' counsel justify the decision of the court below in holding the complaint insufficient, upon the ground that this suit was prematurely brought, and not maintainable by appellant, since it is not shown that the making of the threatened assessment will create a lien or charge against his property or a cloud upon his title. It is contended that a taxpayer has no cause of action, in cases like this, until a lien, or apparent lien and cloud upon his title, is about to be wrongfully created, citing *McConnell v. Hampton* (1905), 164 Ind. 547; *Landes v. Walls* (1903), 160 Ind. 216; *Smith v. Smith* (1902), 159 Ind. 388; *Cason v. City of Lebanon* (1899), 153 Ind. 567; *City of Richmond v. Davis* (1885), 103 Ind. 449.

The principle stated is applicable to cases involving the legality of a specific assessment against the property of the complainant; but in this case the suit is brought by appellant as a taxpayer, or representative, of a class of citizens, to restrain the commission of an *ultra vires* act by the municipality which would have a tendency to increase the burden of taxation. Appellant in this case need not show any special interest or damage, but is entitled to maintain the suit in his capacity as a taxpayer. The case belongs to that class in which it is held that municipal authorities may be enjoined from going beyond their powers and doing threatened acts, which, if carried into effect, would result in a misappropriation of public funds, or entail upon taxpayers the expense of litigating with persons holding invalid claims against the city.

The threatened making of an assessment on account of a debt in excess of the constitutional limitation, and therefore void, justified appellant, as a taxpayer, in resorting to a court of equity for relief, and, the facts being admitted, there is no merit in the claim that the suit was prematurely brought. *Sackett v. City of New Albany* (1883), 88 Ind. 473, 45 Am. Rep. 467; *City of Valparaiso v. Gardner* (1884), 97 Ind. 1, 49 Am. Rep. 416; *Middleton v. Greeson* (1886),

106 Ind. 18; *Alexander* v. *Johnson* (1896), 144 Ind. 82; *City of Laporte* v. *Gamewell, etc., Tel. Co.* (1896), 146 Ind. 466, 35 L. R. A. 686, 58 Am. St. 359; *Scott* v. *City of Laporte* (1904), 162 Ind. 34; *Voss* v. *Waterloo Water Co.* (1904), 163 Ind. 69, 66 L. R. A. 95, 106 Am. St. 201; *Crampton* v. *Zabriskie* (1879), 101 U. S. 601, 25 L. Ed. 1070; *Davenport* v. *Buffington* (1899), 97 Fed. 234, 38 C. C. A. 453, 46 L. R. A. 377; *Inge* v. *Board, etc.* (1902), 135 Ala. 187, 33 South. 678, 93 Am. St. 20; *Bradford* v. *City of San Francisco* (1896), 112 Cal. 537, 44 Pac. 912; *Peck* v. *Spencer* (1890), 26 Fla. 23, 7 South. 642; *Mayor, etc.,* v. *Perry* (1902), 114 Ga. 871, 40 S. E. 1004, 57 L. R. A. 230; *City of Chicago* v. *Nichols* (1898), 177 Ill. 97, 52 N. E. 359; *Cascaden* v. *City of Waterloo* (1898), 106 Iowa 673, 77 N. W. 333; *Blood* v. *Beal* (1905), 100 Me. 30, 60 Atl. 427; *Mayor, etc.,* v. *Gill* (1869), 31 Md. 375; *City of Alpena* v. *Kelley* (1893), 97 Mich. 550, 56 N. W. 941; *Davenport* v. *Kleinschmidt* (1887), 6 Mont. 502, 13 Pac. 249; *Mauldin* v. *City Council, etc.* (1889), 33 S. C. 1, 11 S. E. 434, 8 L. R. A. 291; *City of Austin* v. *McCall* (1902), 95 Tex. 565, 68 S. W. 791.

The judgment is reversed, with directions to overrule the several demurrers of appellees to the amended complaint, and for further proceedings.