## CAMPBELL ET AL. *v.* BRACKETT ET AL.

[No. 6,745.    Filed February 4, 1910.]

1. APPEAL.—*Briefs.*—*Waiver.*—Points not discussed are waived. p. 294.

2. INJUNCTION.—*Taxpayers.*—*Void Payments by Towns.*—*Failure to File Claim for Statutory Time.*—*Complaint.*—A complaint by taxpayers of a town alleging that the town board unlawfully allowed to defendant claimant $400 for legal services, that no claim therefor was filed five days before the session of the board at which it was allowed, that such allowance was deposited in defendant bank, and praying that the bank be enjoined from paying such money to claimant and that it be ordered to return same to the town, is sufficient. p. 294.

3. MUNICIPAL CORPORATIONS.— *Towns.*— *Statutory Methods of Action.*—Boards of trustees of towns can perform their acts only in the statutory way. p. 296.

4. MUNICIPAL CORPORATIONS.—*Acts.*—*Validity.*—Acts of a town performed in direct violation of a statute are void. p. 296.

5. MUNICIPAL CORPORATIONS.—*Void Payments.*—*Recovery.*—*Injunction.*—Void payments made by a town do not become the property of the persons receiving them, and may be recovered by the taxpayers by injunction, or any other appropriate proceeding. p. 296.

6. MUNICIPAL CORPORATIONS.—*Violation of Statute.*—*Good Faith.*— That a town board acted in good faith in making a payment in violation of the law constitutes no defense for such act. p. 297.

From Fulton Circuit Court; *S. N. Stevens,* Special Judge.

Suit by Lyman M. Brackett and others against Charles C. Campbell and another. From a decree for plaintiffs, defendants appeal. *Affirmed.*

*I. Conner* and *Charles C. Campbell, in pro per.,* for appellants.

*J. H. Bibler* and *Holman & Stephenson,* for appellees.

HADLEY, J.—Appellees, as resident taxpayers, instituted this suit to enjoin appellant Campbell from drawing from appellant bank, and to enjoin appellant bank from paying to Campbell, the sum of $400, which appellees averred had been wrongfully allowed and paid to appellant Campbell by the town of Rochester, and by him deposited in appellant bank.

Appellant Campbell demurred to the complaint. This demurrer was overruled. Campbell then filed an answer, to which appellees demurred, which demurrer was sustained. Appellant bank answered that it had the money which had been received and deposited to Campbell's credit on December 13, 1905, by a check drawn by the town treasurer on December 12, 1905, in favor of Campbell. Appellant Campbell refused to plead further, and a decree was entered enjoining him from drawing or receiving, and the bank from paying to him, said money, and ordering said bank to return the money to the town.

The only questions presented are the overruling of appellant Campbell's demurrer, for want of facts, to the complaint, and sustaining appellees' demurrer for want of

1. facts to Campbell's answer. Other errors are assigned, but are waived by failure to discuss or present them in the briefs.

The complaint is grounded upon the alleged void action of the town board in allowing the claim upon which the money was paid. The bases of this charge are twofold: (1) That the claim was founded upon a void contract, having been made with an officer of the town; (2) that the claim was allowed without its being itemized, verified and filed five days prior to its allowance.

In our view of the case, it is unnecessary to consider the first ground, and, for the purpose of this case, the averments in regard thereto may be considered as surplusage.

2. The averments as to the second ground are to the effect that said Campbell was appointed attorney for the town on May 21, 1905, for one year, at a salary of $200 per year, and extra compensation for all cases taken to the Supreme or Appellate Courts; that the present officers of the board are soon to go out of office; that on the night of December 12, 1905, after the citizens of the town, in attendance upon the meeting of the board on that evening, had departed, said board made an allowance to Campbell for the sum of

$400, without said Campbell's having filed an itemized and verified claim therefor five days previously, but upon a claim filed on that night and at no other time, as follows:

"Corporation of Rochester, Indiana.   To C. C. Campbell, Dr.   To legal services in the case of Town of Rochester v. The Rochester Electric Light Company and two cases of Rochester Electric Light, Heat and Power Company v. Town, $400."

That thereupon the clerk issued to him a warrant of said town to the treasurer thereof, who in turn gave Campbell a check on appellant bank for the same in said amount; that said money is now on deposit in said bank, subject to the check of said Campbell; that Campbell has no property subject to execution out of which any judgment for said money can be satisfied, and unless the withdrawal or payment of said sum by or to said Campbell be enjoined the money will be lost to said town.   Prayer for injunction and return of the money.

Section 237 of an act concerning municipal corporations (Acts 1905, p. 219, §8891 Burns 1908) reads as follows: "It shall be unlawful for the common council of any city or the board of trustees of any town, or any officer or board of either of such corporations, to allow any claim against such city or town, or to order the issue of any warrant for the payment of money by any such corporation, except at a session of such common council or board, unless expressly authorized by law so to do; and no clerk or other officer of any city or town shall draw any warrant in favor of any person until so ordered and allowed, unless authority so to do is given in this act.   No such claim shall be allowed until duly itemized and verified, and filed in the office of the clerk and placed upon the claim docket at least five days before the session at which the claim is to be allowed.   It shall be the duty of such clerk to enter such claim upon such docket, when filed, stating the name of the claimant, the amount claimed and for what, and the date of filing.   When the

claim has been acted upon the clerk shall note upon the docket the action taken, and the docket shall at all times be open to any taxpayer for inspection. The clerks of cities and towns shall administer all oaths required by this section free of charge. Any city or town officer who shall violate any of the provisions of this section, and any clerk, city or town attorney, or other officer of any city or town, who shall, directly or indirectly, aid or assist in seeking to recover any claim, or in the prosecution of any action against such city or town, shall, on conviction, be fined not less than $50, and shall be removed from office.''

The board of trustees of an incorporated town has only statutory power, and can perform its functions only in the statutory way. *Zorn* v. *Warren-Scharf, etc., Paving*

3.  *Co.* (1908), 42 Ind. App. 213, and cases cited; *Moss* v. *Sugar Ridge Tp.* (1903), 161 Ind. 417.

Where the statute prescribes specifically how an act shall be performed by a statutory board, or prohibits its performance under certain conditions by such board, an act

4.  in direct violation thereof is absolutely void. *McNay* v. *Town of Lowell* (1908), 41 Ind. App. 627, and cases cited.

Here the statute before quoted prohibits in the most positive terms the allowance of a claim as appellant Campbell's claim was allowed. The act of allowance being void,

5.  all subsequent proceedings by which the money was placed in the hands of said appellant were void. No title to the money received thereby passed to said appellant, and it was subject to recovery wherever found. *McNay* v. *Town of Lowell, supra,* and cases cited. And if, as is shown here, it was located in the bank, and could only be preserved and recovered by injunction proceedings, then such proceedings were proper. *Hatfield* v. *Mahoney* (1907), 39 Ind. App. 499, and cases cited; *City of Logansport* v. *Jordan* (1908), 171 Ind. 121; *Jordan* v. *City of Logansport* (1908). 171 Ind. 280.

It is no defense for appellants to say that all parties acted in good faith. As is said in the case of *McNay* v. *Town of Lowell, supra:* "As a rule, natural equity cannot flow from a violation of a prohibitive law, nor good faith afford relief from the penalties of its infraction."

What we have here said in reference to the complaint disposes of the question raised on the ruling on the demurrer to appellants' answer, since the answer specifically admitted that the claim was presented and allowed, as averred in the complaint. This being true, the averments of good faith and other extrinsic matters are no defense to the action. The statute we are here considering is a salutary one, enacted for the protection of the public against scheming and unscrupulous officers, as well as a protection to honest officers and employes of a town, by affording means and opportunity for investigating each claim before it is allowed. It was enacted to prevent such hasty action as is here shown. Whether the town owed appellant Campbell the money does not affect the question. He was not entitled to have his claim paid in this way, and, as town attorney, he violated the express provisions of the statute in thus receiving it. Under such circumstances, he has no title to the money thus received, or right to retain it.

Judgment affirmed.