# FRANK *v.* CITY OF DECATUR.

[No. 21,667. Filed June 22, 1910.]

1. MUNICIPAL CORPORATIONS. — *Statutes.* — *Codification of.* — The cities and towns act of 1905 (Acts 1905 p. 219) was an attempt to codify all of the laws on the subject of municipal corporations. p. 390.

2. STATUTES.—*Repeal.*—"*Purview.*"—*Preamble.*—The "purview" of an act imports the enacting part thereof as distinguished from the preamble. p. 391.

3. STATUTES.—*Repeal by Implication.*—Where a new statute entirely covers the subject-matter of the old, or is repugnant to it, the latter is impliedly repealed. p. 391.

4. MUNICIPAL CORPORATIONS.—*Appointment of Police.*—*Mayor.*—*Council.*—*Statutes.*—Section 8791 Burns 1908, Acts 1905 p. 219, §170, providing that, in cities of the fifth class, policemen shall be appointed by the city councils, or by committees appointed by ordinance, repeals §3541 Burns 1901, subd. 8, Acts 1895 p. 180, §53, providing that city councils shall have the power, by ordinance, to authorize the mayor to appoint policemen, and all ordinances passed under the latter statute are consequently repealed. pp. 391, 392, 393.

Frank *v.* City of Decatur—174 Ind. 388.

5. MUNICIPAL CORPORATIONS.—*Powers.*—Cities have only such powers as are expressly granted, or necessarily implied, from the powers granted. p. 392.

6. MUNICIPAL CORPORATIONS.—*Ordinances.*—*Public Policy.*—Municipal ordinances, which are contrary to the spirit or general policy of the statutory laws of the State are void as against the public policy of the State. p. 392.

7. MUNICIPAL CORPORATIONS.—*Statutes.*—*Implied Powers of Mayors.*—*Police.*—Section 8682 Burns 1908, subds. 1, 5, Acts 1905 p. 219, §80, requiring the mayors of cities to enforce city ordinances, as well as the laws of the State, does not impliedly authorize such mayors to appoint policemen. p. 393.

8. MUNICIPAL CORPORATIONS.—*Powers.*—*Carrying out.*—*Statute.*—*Mayors.*—*Police.*—Section 8965 Burns 1908, Acts 1905 p. 219, §270, providing that where no method is provided in such act for the carrying out of any power conferred, and a method is prescribed by some other law of the State, such method shall be followed, does not authorize a mayor of a fifth class city to appoint police, since a method of appointment is prescribed in such act. p. 393.

9. MUNICIPAL CORPORATIONS.—*Invalid Ordinances.*—*Estoppel.*—The fact that a city of the fifth class employed and paid a policeman for services performed under an appointment under an invalid ordinance, does not estop such city afterward from denying the invalidity of such ordinance. p. 394.

10. ESTOPPEL.—*Knowledge of Facts.*—No estoppel arises where both parties know the facts. p. 394.

11. OFFICERS.—*Performance of Duty.*—*Presumptions.*—The presumption is that officers have done their duty. p. 394.

From Adams Circuit Court; *James T. Merryman*, Judge.

Action by Samuel Frank against the City of Decatur. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*A. P. Beatty* and *Heller & Son*, for appellant.

*L. C. DeVoss*, for appellee.

MYERS, J.—The city of Decatur is a city of the fifth class, organized under the general law as it existed prior to the passage of the general law of 1905 (Acts 1905 p. 219) concerning municipal corporations. Prior to the time said act went into effect, an ordinance had been enacted by the common council of the city of Decatur authorizing the mayor to appoint and to remove special policemen. Under that au-

thority appellant was appointed by the mayor prior to March, 1905, and continued under that appointment and was paid by the city until September 30, 1907. He filed a complaint setting up the foregoing facts, and averring that the ordinance has not been repealed, is in force, and that on October 1, 1907, he was by the mayor "notified to remain on duty until notified by him to quit," and that he (appellant), under such call, served sixty-five days, and that the council refuses to pay him. He demands judgment for sixty-five days' active service at $1.50 a day, the price fixed by the ordinance. A demurrer for want of facts was sustained to his complaint, and he appeals, assigning error upon that ruling

The question for determination is, What was the effect of the enactment of the cities and towns act of 1905, *supra,* upon the prior ordinance of the city of Decatur, and the prior authority and power of the mayor to appoint reserve policemen? The contention of appellant is that the prior statutes expressly provided for the enactment of an ordinance granting the authority and power to the mayor to appoint, and that it had been exercised (§3541 Burns 1894, subd. 8, §3106 R. S. 1881; §3541 Burns 1901, subd. 8, Acts 1895 p. 180, §53); and that by reason of no reference in the act of 1905 (Acts 1905 p. 219, §53, §8655 Burns 1908) to subdivision eight, *supra,* the ordinance was not abrogated, and is yet in force, and that the power of appointment still rests in the mayor.

Appellee's contention is that by said act of 1905 the power of appointment of policemen is in the city council, unless it shall by ordinance provide for the exercise of the power by a committee of the council, and reliance is placed on §8791 Burns 1908, Acts 1905 p. 219, §170.

1. The duty of the codification committee, under the act of 1903 (Acts 1903 p. 391), was to prepare "a compilation, revision and codification of the statute laws * * * concerning public, private and other cor-

porations, * * * omit all parts repealed or obsolete and insert all amendments necessary to make all laws complete; * * * to prepare and report bills concerning new matters, repealing old laws," etc. Out of this direction grew the act of 1905, *supra,* which we know historically was an attempt to systematize, harmonize and simplify our municipal laws. While it could hardly be expected to embrace every possible condition which might arise, it goes far to codify the whole subject. As to all cities except those of the fifth class, the act is quite definite and specific; as to those of the fifth class, the act depends for its construction and enforcement upon the analogous conditions under the other classes. "All former laws within the purview of" the act are expressly repealed. §9016 Burns 1908,

2. Acts 1905 p. 219, §272. The purview of an act is said to be, "the enacting part of a statute, in contradistinction to the preamble." *State, ex rel.,* v. *Ives* (1906), 167 Ind. 13. See *State* v. *Reynolds* (1886), 108 Ind. 353, 358.

While repeals by implication are not favored, yet when a new act entirely covers the subject-matter of the old, or is repugnant to it, the latter is repealed. *Findling* v.

3. *Foster* (1908), 170 Ind. 325; *Collins Coal Co.* v. *Hadley* (1906), 38 Ind. App. 637; *Board, etc.,* v. *Garty* (1903), 161 Ind. 464; *Sefton* v. *Board, etc.* (1903), 160 Ind. 357; *State, ex rel.,* v. *City of Noblesville* (1901), 157 Ind. 31; *Pomeroy* v. *Beach* (1898), 149 Ind. 511; *Thomas* v. *Town of Butler* (1894), 139 Ind. 245; *Warford* v. *Sullivan* (1897), 147 Ind. 14; *Wright* v. *Board, etc.* (1884), 98 Ind. 88.

Section 8791, *supra,* clearly contemplates that the powers exercised by boards of public safety in cities above the fifth class, with respect to the appointment of policemen

4. and firemen, should, in the fifth class cities be exercised by the common council, or by committees appointed by ordinance. We do not see how this act can

exist with the old act conferring on the mayor the right to make appointments, or the former be held to be cumulative, or both stand together. Cities have only such powers as are expressly conferred, or such as are necessarily implied, and if the statute were silent upon the subject we might conclude that the power conferred under the old statute was intended to remain unaffected, but the later act not only leaves out the former provision, but expressly lodges the power in the common council to make appointments itself, or by its duly appointed committee. It is not a case where there is a special grant of power to a municipal corporation to legislate upon enumerated subjects, whereby the powers are added to, but the subject is entirely covered. "A power vested by legislation in a city corporation to make by-laws for its own government, and the regulation of its own police, cannot be construed as imparting to it, the power to repeal the [general] laws in force, or to . supersede their operation by any of its ordiances. Such a power if not expressly conferred, cannot arise by mere implication, unless the exercise of the power given, be inconsistent with the previous law, and does not necessarily operate as its repeal *pro tanto.* Nor can the presumption be indulged, that the legislature intended that an ordinance passed by the city, should be superior to, or take the place of, the general law of the state on the same subject." *March* v. *Commonwealth* (1851), 12 B. Mon. (Ky.) 25. See also, *Rothschild* v. *City of Darien* (1882), 69 Ga. 503; *State* v. *Treasurer, etc.* (1882), 44 N. J. L. 350.

In the case of *State* v. *Clarke* (1873), 54 Mo. 17, 14 Am. Rep. 471, the court said: "The best indication of public policy is to be found in the enactments of our legislature." Cities and towns cannot, under their incidental or implied powers, or under general grants of authority, adopt by-laws or ordinances which infringe upon the spirit, or are repugnant to the policy of the state

as declared in its general legislation. *Town of Marietta* v. *Fearing* (1831), 4 Ohio 427; *Grand Rapids, etc., Power Co.* v. *Grand Rapids, etc., Gas Co.* (1888), 33 Fed. 659; *Ex parte Chin Yan* (1882), 60 Cal. 78; *Mayor, etc.,* v. *Scharf* (1880), 54 Md. 499; 1 Dillon, Mun. Corp. (4th ed.) §329.

Section 8791, *supra*, takes away all power to authorize appointments of policemen by the mayor, which was theretofore given under subdivision eight of §3541 Burns 1901, Acts 1895 p. 180, §53, and is significant in itself as indicating the legislative policy. If power to authorize appointments by the mayor were recognized, or existed under the new act, it might, with some reason, be held as indicating a purpose to recognize or continue the ordinance in force, but the legislative purpose to the contrary seems quite clear. The act as a whole, under section fifty-three (§8655 Burns 1908), discloses in many particulars a departure from the former statute, and the methods of executing the powers of cities and towns are radically changed, and we must assume for good reasons appearing to the legislature.

It is urged as an argument of expediency, that as by §8682 Burns 1908, subds. 1 and 5, Acts 1905 p. 219, §80, the mayor is required to cause the enforcement of the ordinances of the city and the laws of the State, and be responsible for the good order and efficient government of the city, it follows that he has such authority as would be reasonably required by implication, from the law making him responsible for the government of the city. The same argument would apply to any city of a superior class, and clearly there is no such power.

It is also claimed that the ordinance conferring authority on the mayor to appoint appellant is derived from §8965 Burns 1908, Acts 1905 p. 219, §270. That section, it will be seen, applies to cases where no method is provided in the act for carrying out a power, and it is necessary that there be a method, and a method is pro-

vided under any law of this State applicable to the authority
so granted, when such law, so far as it provides a
method for the exercise of the power by the act conferred,
may be followed the same as if incorporated in such act. The
answer to that contention is, that not only the power but
the method is provided by the act, and the same section
reposes the power in the council. In the latter portion of
§8655, *supra,* is this significant language: ''Whenever any
executive or administrative function shall be required to be
performed by any ordinance or resolution of the common
council, the same shall be performed by the proper execu-
tive department, and not by such council: Provided, that
in cities of the fifth class such function may be executed
by the common council.'' By §8791, *supra,* this function is
committed to the council, or its committee.

The whole tenor and purpose of the act discloses a de-
parture from the former laws, so repugnant to the ordi-
nance in question as to leave little if any room for
9. doubt that the ordinance, under which appellant
claims, was invalid. The fact of procedure under
the ordinance until September 30, 1907, can lend no force
to appellant's position, either as an estoppel, or as a con-
struction concurred in from lapse of time. No es-
10. toppel can grow out of the acts of public officers in
matters of this kind, besides no estoppel can grow
out of a state of facts equally known to the parties, or from
mere acquiescence for a short time by public officials, in
disregard of a plain statute. It may fairly be inferred
that public officers will do their duty, or have done it,
11. and that fact doubtless gave rise to the denial of
the rights claimed by appellant, by either appointing
some other person or persons, or refusing to appoint appel-
lant, or perhaps anyone.

The court did not err in sustaining the demurrer to the
complaint. The judgment is affirmed.