CITIZENS BANK OF ANDERSON *v.* TOWN OF BURNETTS-
VILLE.

[No. 14,224. Filed February 18, 1932. Rehearing denied
July 27, 1932. Transfer denied January 24, 1934.]

*L. D. Carey* and *Bagot, Free & Bagot,* for appellant.

*George W. Kassabaum* and *Clarence R. Cowger* for appellee.

WOOD, P. J.—The appellant brought suit against appellee for the collection of two promissory notes, and two interest coupons attached to two other promissory notes all of which were alleged to have been executed and delivered by the appellee to the Howe Fire Apparatus Company, and by this company sold and assigned to appellant in due course.

The complaint was in four paragraphs, the first paragraph, omitting the caption, prayer, and signature, is as follows: "Plaintiff complains of the defendant and

for cause of action herein alleges, that at all times hereinafter mentioned the Citizens Bank, Anderson, Indiana, has been and still is a corporation organized under the laws of the State of Indiana and engaged in the general banking business at the City of Anderson, Indiana. And that at all times hereinafter mentioned the defendant has been and still is, an incorporated town, under the laws of the State of Indiana. That at all times hereinafter mentioned the Howe Fire Apparatus Company was a corporation with its principal office at Anderson, Indiana, engaged in the business of manufacturing and selling fire extinguishing apparatus, machinery and equipment.

"That on or about the first day of September, 1926, the defendant purchased from said Howe Fire Appatus Company, a certain fire truck and equipment and the said Howe Fire Apparatus Company sold and delivered said fire truck and equipment to the defendant; that the defendant by action of its Board of Trustees at a meeting of said Trustees held on September 2, 1926, duly authorized the purchase of said equipment and accepted and approved said equipment after the same was delivered to the defendant and authorized the President of the Board of Trustees of the defendant and the Town Clerk of said defendant to execute notes of said defendant in payment of said purchase price. That the total purchase price of said truck and equipment was the sum of $2747.50 and that by action of said Board of Trustees of the defendant said defendant executed to the said Howe Fire Apparatus Company four promissory notes, payable in one, two, three and four years respectively with interest at the rate of six per cent per annum, payable annually, first of which said notes was for the sum of $525.00 and was payable September 2, 1927, and the other of which said notes were each for the sum of $740.84 and were payable, two, three and

four years respectively from their date of September 2, 1927; and that when so executed said notes were by said defendant delivered to the said Howe Fire Apparatus Company in payment of said fire truck and equipment; that a copy of the minutes of the proceedings of the Board of Trustees of the Defendant with reference to the purchase of said equipment and the execution of said notes is attached hereto and made a part hereof, marked Exhibit B.

"That after the execution of said notes and before maturity thereof and for a valuable consideration the said Howe Fire Apparatus Company sold, transferred and assigned each and all of said notes to Citizens Bank, Anderson, Indiana, as Trustee, and that the plaintiff thereby became and still is the owner and holder of each and all of said notes in due course.

"Plaintiff further alleges as its cause of action in this paragraph, that the said note No. 1 above described executed by the defendant on the 2nd day of September, 1926, by which the defendant promised to pay the sum of $525.00 one year after date with interest at the rate of six per cent per annum payable annually, together with the interest coupon attached thereto, is long past due and unpaid and that interest has accrued on said note in addition to that evidenced by said interest coupon attached thereto, at the rate of six per cent per annum, and that said note and interest are long past due and unpaid and that a copy of said note and the interest coupon attached thereto is attached to this paragraph of complaint and made a part thereof marked Exhibit 'A'.

"Wherefore plaintiff prays that it may have judgment against the defendant on this paragraph of complaint in the sum of $600.00 and it asks for all other necessary and proper relief."

"No. 1

EXHIBIT A.

$525.00

Fire Apparatus Note
September 2nd, 1926.

Burnettsville, Ind. a corporation under the laws of the State of Indiana, promise to pay 1 year after date, to the order of the Howe Fire Apparatus Company, a corporation under the laws of the State of Indiana, the sum of Five Hundred and Twenty Five Dollars, for Value Received, without any relief whatever from valuation or appraisement laws, with interest from date at the rate of 6 per cent per annum, payable annually, said interest payment being evidenced by 1 certain interest coupons attached and numbered.

In Witness Whereof, the said Burnettsville, Ind. has caused its corporate name to be signed and its corporate seal to be affixed this 2nd day of Sept. 1926.

TOWN OF BURNETTSVILLE, IND.
By R. R. Alexander, President.

Attest:

Charles S. Siferd, Clerk.

No. 1.  Burnettsville Corp.

For Value Received will pay Bearer on the 1 day of September 1927, $31.50, being 12 mos. int. on Fire Apparatus note No. 1.

CHAS. S. SIFERD, Clerk."

EXHIBIT B.

"TOWN, Burnettsville          STATE, Indiana

The Town Board of Burnettsville met in adjourned session for the purpose of considering the purchase of a fire engine.  Clerk Charles S. Siferd called the roll and the following members answered 'Present' as their names were called: R. R. Alexander, C. A. Barnes, L. N. Benjamin.

A quorum being present the Council proceed to the business on hand.

Councilman L. N. Benjamin presented the following motion which was seconded by Councilman C. A. Barnes.  MOTION: 'A fire truck and equipment be bought from the Howe Fire Apparatus Co. Value $2747.50.'

"On roll call the following councilmen voted 'Aye' as their names were called, L. N. Benjamin, C. A. Barnes, R. R. Alexander. A majority having voted 'Aye' the motion was declared carried and the President and Clerk of the Board were directed to sign the contract. There being no further business before the Board on proper motion the Board adjourned to meet Sept. 2, 1926.

"Meeting was called for the purpose of considering the acceptance of the Howe Fire Apparatus, and if accepted to pay for the same.

"Meeting was called to order by the President. On roll call, a majority of the members of the Board were present. As they constituted a working quorum the meeting proceeded with the business for which it was called. After considerable discussion and reports from various officers and committees the following motion was made by C. A. Barnes and seconded by L. N. Benjamin, moved that the Howe Fire Engine ordered by the council be accepted and the President and the Clerk be instructed and empowered to sign the necessary notes to make settlement in full for same.

"There being no further business before the meeting, the meeting was adjourned."

The other paragraphs of complaint are so similar to the first in their essential allegations that it is not necessary to set them out for the purpose of this opinion.

The appellee filed a separate demurrer to each paragraph of complaint, for want of facts, including a memorandum which contains ten separate causes why each paragraph is insufficient. It is not necessary to set out all of these causes. The demurrer was sustained to each paragraph of complaint. Appellant elected to stand upon its complaint, refused to plead further, and judgment was rendered for appellee upon its demurrer, that appellant take nothing by its complaint.

Appellant appeals, assigning as error: (1) the sustaining of the demurrer to the first paragraph of complaint; (2) the sustaining of the demurrer to the second paragraph of complaint; (3) the sustaining of

the demurrer to the third paragraph of complaint; (4) the sustaining of the demurrer to the fourth paragraph of complaint; (5) the sustaining of the demurrer to the complaint; (6) the rendering of judgment in favor of appellee against appellants on demurrers to appellant's complaint.

Our attention is called to the fact that appellant's brief does not comply with the requirements of Rule 22 of this court. The plan adopted in that portion of the brief designated as points and authorities is not to be commended. We cannot say however, that there has not been a good faith effort to comply with the rules of court, and the cause will be considered upon its merits.

The only specifications set out in the memoranda to the several demurrers, which we deem it necessary to consider, are number eight, alleging that it did not appear by the paragraph of complaint in question that the state board of tax commissioners approved the issuance and execution by the town of Burnettsville of the promissory note sued upon, and number ten, alleging that the note sued upon was a non-negotiable promissory note providing for the payment of interest at the rate of six per cent per annum.

Incorporated towns in the state of Indiana are creatures of the legislature. They possess and can exercise only such powers as are granted by the legislature in express words, those necessarily or fairly implied or incident to powers expressly granted, and those essential to the declared purposes and objects of the corporation. No incidental powers can be implied, except such as are essential to the accomplishment of the purposes of the creation of the corporation and its continual existence. Doubtful claims to power or any doubt or ambiguity in the terms used by the legislature are resolved against the

corporation. *Pittsburgh, etc., R. W. Co.* v. *Town of Crown Point* (1896), 146 Ind. 421, 45 N. E. 587; *East Chicago Co.* v. *City of East Chicago* (1908), 171 Ind. 654, 87 N. E. 17; *City of Delphi* v. *Hamling* (1909), 172 Ind. 645, 89 N. E. 308; *Frank* v. *City of Decatur* (1910), 174 Ind. 388, 92 N. E. 173; *Central, etc., Co.* v. *Indianapolis, etc., Co.* (1919), 189 Ind. 210, 126 N. E. 628.

Subdiv. 3 of §11277, Burns 1926 (§11358, Baldwin's 1934), Acts 1905, p. 219, confers upon the boards of trustees of incorporated towns the power to organize fire companies, to provide all necessary apparatus for the extinguishment of fires . . . and to levy taxes or issue bonds to be sold at not less than par and to bear not more than six per cent interest per annum, in the payment of liabilities thereby contracted. Thus the power was expressly conferred upon towns to make purchases of necessary fire equipment. It has been held in this jurisdiction that the purchase of fire equipment for towns was one of the implied powers of such corporations. *Bluffton* v. *Studebaker* (1885), 106 Ind. 129, 6 N. E. 1. While this power was conferred by the legislature, it could likewise be limited, withdrawn, or its mode of exercise changed as the wisdom of the legislature might dictate. "The general legal doctrine, supported by an unbroken line of authorities, is that, political powers conferred upon public corporations for the local government of a place are not vested rights as against the state, and when there is no constitutional restriction, express or implied, on the action of the legislature it has absolute power to create, change, modify or destroy them at pleasure." 1 McQuillin, Municipal Corporation, 2nd Ed, §186, and authorities cited; *Wiley* v. *Bluffton* (1887), 111 Ind. 152, 12 N. E. 165; *Zoercher* v. *Agler* (1930), 202 Ind. 214, 172 N. E. 186.

We must keep in mind the fact that the appellee town, endeavored to execute four promissory notes bearing interest at the rate of six per cent per annum, evidenced by interest coupons attached thereto, for fire fighting apparatus, that they were never approved by the state board of tax commissioners, and this is an action to enforce the collection of two of said notes alleged to be due and unpaid, and interest coupons on the remaining two notes.

Section 14240, Burns 1926 (§15736, Baldwin's 1934), being §201 of the Acts 1919, p. 198, as amended Acts 1923, p. 264, which deals with the incurring of indebtedness and the issuance and sale of evidences of indebtedness by municipal corporations, among other things, provides that: "All bonds or other evidences of indebtedness hereafter issued or sold by any municipal corporation of this state may bear interest not to exceed six per cent per annum provided that the state board of tax commissioners shall approve all issues where rate of intereset is in excess of five per cent." §14244, Burns 1926 (§15737, Baldwin's 1934), being §202 of the Acts 1919, p. 198, as amended Acts 1925, p. 359, defines municipal corporations as follows: "The phrase 'municipal corporation' as used in the five preceeding sections shall be deemed to include a county, township, city, incorporated town, school corporation, or any person, persons, or organized body authorized by law to establish tax levies for any purpose." What was the evident purpose and intent of the legislature in including these two provisions in the tax law is so patent that their meaning and purpose is not open to consideration or conjecture of any kind. As applied by our Supreme Court these provisions of the general tax law of 1919, as amended, have the effect of limiting the authority of the board of trustees of the appellee town in issuing the evidences of indebtedness

on which suit was brought, without first obtaining the approval of the state board of tax commissioners, and the failure to obtain such approval renders the notes and coupons void. *Van Hess* v. *Board* (1920), 190 Ind. 347, 129 N. E. 305; *O'Connor* v. *Board* (1923), 194 Ind. 386, 142 N. E. 858; *Zoercher* v. *Agler, supra; Campbell* v. *Brackett* (1909), 45 Ind. App. 293, 90 N. E. 777. The provisions of the statute are mandatory; they are intended not only for the protection of the public and the citizen, but for the protection of the officer himself, so the approval of the notes was a condition precedent to issuing them. *Caldwell* v. *Bauer* (1912), 179 Ind. 146, 99 N. E. 117; *Campbell* v. *Brackett, supra; Hampden Railroad* v. *Boston & Maine R. R. Co.* (1919), 233 Mass. 411, 124 N. E. 254, 25 R. C. L. §17, p. 770; 3 McQuillin, Municipal Corporations, 2nd Ed. §1266, p. 797, §1283, p. 978.

Appellant cannot invoke the doctrine of estoppel. The Howe Fire Apparatus Company was dealing "with public officers, possessed with limited, naked statutory powers; he was bound at his peril, to ascertain the scope of their authority, and cannot found any claim upon acts done by such officers in excess of their authority. The disobedience of a statute by a public officer creates an incurable difficulty. It cannot be remedied or removed by subsequent confirmation of the original acts, whatever the form the confirmation assumes. There is a well defined distinction between public and private corporations, and the general doctrine of estoppel does not apply to the former class of corporations." *Platter* v. *Board of Commissioners of Elkhart County* (1885), 103 Ind. 360, 2 N. E. 544; *Angola, etc., Tile Co.* v. *Millgrove School Township* (1920), 73 Ind. App. 557, 127 N. E. 855; *Frank* v. *City of Decatur, supra;* §1266, McQuillin, *supra.*

The burden was upon appellant to allege and prove

that the notes and coupons sued upon were issued in accordance with the tax law of 1919 as amended, ■ for if not so issued they would be void. *Oppenheimer* v. *Greencastle School Township et al.* (1904), 164 Ind. 99, 72 N. E. 1100; *Water and Gas Co.* v. *City of Cleburne* (1892), 1 Texas Civ. App. 580, 21 S. W. 393; *Weil* v. *Greene County* (1878), 69 Mo. 281; *Hopper* v. *Covington* (1886), 148 U. S. 151, 30 L. Ed. 190.

Finding no error the judgment is affirmed.