STATE EX REL. SHANKS ET AL. *v.* THE COMMON
COUNCIL OF THE CITY OF WASHINGTON

[No. 26,781. Filed April 30, 1937.]

*Seal & Seal,* and *Alvin Padgett,* for appellants.

*Josiah G. Allen, Elmer E. Hastings, Arthur W. Allen,* and *John S. Hastings,* for appellees.

ROLL, J.—Appellants herein filed this action to mandate appellees to reinstate the relators as firemen and officers on the fire department of the City of Washington, Daviess County, Indiana, a city of the fifth class, as of the date of their alleged unlawful dismissal and to declare the said dismissal of said relators as such firemen from the fire department illegal and void.

The complaint was amended, and appellees filed a demurrer thereto which was sustained. Appellants refused to plead further, and judgment was entered for appellees. The only error assigned for reversal is the

sustaining of appellees' demurrer to the amended complaint.

The complaint shows on its face that Washington, Indiana, is a city of the fifth class, and that all the relators except two were appointed as members of the fire department of said city by the common council, on January 6th, 1930. That one of the relators was appointed as a member of the fire department on January 1st, 1934, and another in April, 1934, by the common council, and that all of said relators have served continuously from the date of their appointment until January 1, 1935. That on said 1st day of January, 1935, the mayor of said city dismissed each of said relators as members of said fire department and caused their names to be stricken from the pay roll, and that appellees have ever since failed and refused to recognize them as such firemen or allow them the salaries as such firemen. That no cause was ever assigned by the mayor for such dismissal. No charges of any kind were ever filed against them, and no notice of any accusations of any kind were ever given to appellants. The above is the substance of so much of the amended complaint that is necessary to an understanding of the question presented.

Appellees by their demurrer contend that the firemen's tenure act, Acts 1905, Ch. 129, Sec. 160, or the amendatory Act of 1933, Acts 1933, Ch. 86, Sec. 1, does not apply to firemen in cities of the fifth class, and who were appointed by the common council. Appellees in their brief do not contend that appellants' appointments were improper. We quote from their brief on page 22, which clearly defines their position on this question,

"There is no contention in the appellees' demurrer that the appointment of the relators on January 1, 1930, and subsequently thereto, was improper. But, the contention is made as strongly as possible that the common council on January 1, 1930, made no pretense of giving the relators a tenure position,

since the council was not assuming to act under the provisions of the so-called firemen's 'civil service' act."

The court in the case of *Frank* v. *City of Decatur* (1910), 174 Ind. 388, 92 N. E. 173, held that the common council had the power under Acts 1905, §170, to appoint firemen. The following excerpt we quote from that opinion (p. 391) :

"Section 8791, *supra* (Acts 1905, §170), clearly contemplates that the powers exercised by boards of public safety in cities above the fifth class, with respect to the appointment of policemen and firemen, should, in the fifth class cities be exercised by the common council, or by committees appointed by ordinance."

Again the court said (p. 392) :

". . ., but the later act not only leaves out the former provision, but expressly lodges the power in the common council to make appointments itself, or by its duly appointed committee."

The court further supports their conclusion by reference of the latter part of §8655 Burns 1908, being Acts 1905 Ch. 129, §53, as follows (p. 394) :

"In the latter portion of §8655, *supra,* is this significant language: 'Whenever any executive or administrative function shall be required to be performed by any ordinance or resolution of the common council, the same shall be performed by the proper executive department, and not by such council: Provided, that in cities of the fifth class such function may be executed by the common council.' By §8791, *supra,* this function is committed to the council, or its committee."

Appellees concede the soundness of the holding in the above case, but, as stated above, contend that inasmuch as the relators were appointed by the council, they do not come within the protection of the tenure act, *supra.*

Section 170, Ch. 129, Acts 1905, as amended by the

Act of 1919, Acts 1919, Ch. 75, §1, p. 441, §48-6120, Burns Ind. Statutes 1933, §12410 Baldwin's 1934, in part, provides:

"In cities of the fifth class, so far as applicable, all the duties and powers in this act provided to be exercised by the chief of police shall be exercised by the city marshal, and all duties and powers of the chief of the fire force shall be exercised in such (cities) of the fifth class as in other cities; *and all provisions for appointments, discharge, duties and powers of members of the police and fire forces shall also extend, as far as applicable, to such cities of the fifth class.*"

It seems clear that the legislature by this statute provided tenure for firemen in fifth class cities the same as those of cities of a higher classification, regardless of whether they were appointed by the common council or by the board of public safety. Acts 1905, Ch. 129, §160, as amended by Ch. 86, §1, Acts 1933, which provides the method and procedure for the discharge of city firemen. This procedure was not followed or attempted to be followed. Appellees point to no statute or any authority whereby the mayor had the right to dismiss firemen at will.

Appellees say that relators did not demand a hearing. The answer to this contention is, that no charges or accusations were ever filed or made against the relators. There was no notice of any kind ever given. There was no opportunity given to relators to demand a hearing. Appellees call our attention to the recent case of the *City of Michigan City, Indiana,* v. *State ex rel. Seidler* (1937), 211 Ind. 586, 5 N. E. (2d) 968, and quotes the following from that opinion (p. 592) :

"The complaint does not allege that there was a demand, nor is there a finding of the ultimate fact that a hearing was demanded by relator."

It must be kept in mind that in that case charges were filed against relator and notice of a hearing given him. Relator appeared at the time and place specified in the notice but did not demand a hearing. This case is quite different from the case at bar. If charges had been properly filed against the relators and notice given as provided in the statute, and then relators did not demand a hearing the above case would be in point. The distinction between the two cases is quite obvious.

The complaint herein asked that the relators be given judgment for the amount of their salaries from the date of their dismissal, to wit, January 1, 1935. It was decided in the case of *City of Peru* v. *State ex rel. McGuire* (1937), 210 Ind. 668, 199 N. E. 151, that (p. 672) :

> "The decisions of this court hold that the relator was merely an employee of the city and not an officer . . . Since the relator is declared by judicial determination in this state to be an employee merely, it is clear that he cannot maintain an action to mandate the municipality to pay him the salary of the position during the time he was ousted. . . . Mandate does not lie in such case. As above stated, his remedy was an action against the city for breach of contract of employment."

This part of appellants' prayer does not render the complaint defective on demurrer. The court should have overruled appellees' demurrer to the amended complaint.

Judgment reversed with instructions to the trial court to overrule appellees' demurrer to the amended complaint, and for further proceedings not inconsistent with this opinion.

TREANOR, J. dissents from the holding that relators could not recover money judgment in their action of mandate.