ORTMAN-MILLER MACHINE COMPANY INC. *v.* MILLER, ETC., D/B/A MIDWEST SUPPLY COMPANY, ETC., ET AL.

[No. 29,061. Filed February 24, 1954.]

*Straley Thorpe* and *James J. Richards,* both of Hammond and *Cope J. Hanley,* of Rensselaer, for appellants.

*Owen W. Crumpacker* and *Edmund A. Schroer* of *Crumpacker & Schroer,* of Hammond, for appellee, J. Carter Miller.

*Benedict E. Dankovis,* of Hammond, for appellees, Mercantile National Bank of Hammond and Owen W. Crumpacker.

BOBBITT, J.—This action was commenced in the Lake Superior Court and thereafter venued to the Jasper Circuit Court. Appellant (plaintiff) filed complaint in three paragraphs, the first being on "account stated;" the second, for "money had and received;" and the third paragraph alleging that appellee, J. Carter Miller, both as an individual and doing business as Midwest Supply Company, is indebted to the plaintiff on an account stated and for money had and received, and that "said defendant, J. Carter Miller, as an individual and d/b/a Midwest Supply Company, has deposited said sum of money or a large portion thereof in a bank account in the bank owned and operated by the defendant,

Mercantile National Bank of Hammond, a banking corporation; that said bank account is believed to be under the control of the defendant, J. Carter Miller and/or the defendant Owen W. Crumpacker; that said last named defendants, J. Carter Miller and Owen W. Crumpacker, have insufficient assets, other than the account in said Mercantile National Bank of Hammond aforesaid, to pay and discharge plaintiff's claim aforesaid and that it is believed that the defendants, J. Carter Miller and Owen W. Crumpacker, will withdraw said sum of money from said bank and conceal the same with the intent and purpose of hindering or preventing the collection of plaintiff's claim aforesaid."; and further that an emergency exists for the issuing of a restraining order, without notice, against all the defendants restraining them, and each of them, from withdrawing, transferring or otherwise disposing of said bank account because "it is believed" that if notice of a hearing on the issuing of a temporary injunction is given, said defendants will, on receipt thereof, withdraw and transfer or otherwise conceal said account; and that the plaintiff has no other adequate remedy and will suffer irreparable damages unless defendants are so restrained.

The prayer was for judgment against appellee, J. Carter Miller, both individually and doing business as Midwest Supply Company, in the sum of $95,013.69, a restraining order, without notice, against all defendants, for a hearing on a temporary and permanent injunction, and for all other just and proper relief.

A restraining order was issued and subsequently dissolved on the separate motions of defendants prior to the hearing on the request for a temporary injunction. Separate demurrers to the complaint were filed by the defendants, Mercantile National Bank and Owen W. Crumpacker, and sustained. Plaintiffs refused to plead

further and judgment was rendered that "plaintiff take nothing by its complaint as against the defendants, Mercantile National Bank of Hammond and the defendant, Owen W. Crumpacker," and that each of said defendants recover costs.

Appellant's application for temporary injunction was subsequently heard as against the remaining defendant, J. Carter Miller. The court refused to issue a temporary injunction.

This appeal is from the judgments rendered upon the sustaining of Mercantile National Bank of Hammond and Owen W. Crumpacker's separate demurrers to plaintiff's (appellant's) complaint, and from the order denying a temporary injunction against the defendant, appellee, J. Carter Miller, both as an individual and doing business as Midwest Supply Company.

The assigned errors are:

"1. The trial court erred in overruling Appellant's Petition for a Temporary Injunction.

"2. The Court erred in sustaining the demurrer of the Mercantile National Bank of Hammond, a banking corporation, to Appellant's complaint.

"3. The Court erred in sustaining the demurrer of Owen W. Crumpacker to Appellant's complaint."

Two procedural questions are presented which must be determined before we consider the merits of the appeal.

Appellees timely filed their separate motions to dismiss, ruling on which was deferred pending argument on the merits, and in view of our conclusion on the merits of the case, it is unnecessary to rule on the motion to dismiss.

*First:* Oral argument was had on the merits. Appellees subsequently filed application for writ of cer-

tiorari to bring up certain parts of the record allegedly omitted by appellant. This was granted and the alleged omitted part of the record filed in response to the writ.

Appellee Miller, both individually and doing business as Midwest Supply Company, then filed a petition for leave to file an assignment of cross-error as follows:

"The trial court erred in entering an interlocutory order on July 7th, 1953, denying appellee J. Carter Miller's 'Motion to Quash Garnishment Summonses and Dismiss Proceedings in Garnishment.' "

The rulings of the court on which this appeal is based were made and entered on May 4, 1953. The errors assigned are set out above and do not in any way involve a garnishment proceeding. The bill of exceptions herein was filed and signed on May 27, 1953, and the assignment of errors, together with the bill of exceptions was filed with this court on June 3, 1953. Two garnishment summonses were issued and served on defendant, Mercantile National Bank of Hammond, one on May 4, 1953 and the other on May 7, 1953. Said defendant (appellee) filed its motion to quash these summonses on May 19, 1953, and hearing on this motion was had on May 20 and May 23, 1953.

The judgments rendered by the trial court on May 4, 1953 are separate and distinct from that rendered on July 27, 1953. The latter order does not arise out of, or is it connected in any way, with the former judgments.

In *Town of Windfall City* v. *First Nat. Bank* (1909), 172 Ind. 679, at page 689, 87 N. E. 984, 89 N. E. 311, this court said:

"As the authorities affirm, the assignment of cross-errors in the case appealed is in the nature of a counterclaim in the trial court, and, under a well-settled rule, cross-errors can only be assigned or predicated upon ques-

tions presented in the lower court or rulings of the latter which arise out of or are connected with the judgment upon which the appellant bases his appeal." (Citing authorities).

See also: *Anderson Lumber etc., Co.* v. *Fletcher* (1950), 228 Ind. 383, 387, 89 N. E. 2d 449; *Ross, Receiver v. Indiana Nat. Gas, etc. Co.* (1922), 78 Ind. App. 219, 226, 130 N. E. 440, 131 N. E. 794.

For the reasons above stated, appellee's petition to file cross-errors is denied.

*Second:* Subsequent to the return to the writ of certiorari appellant filed petition asking leave to file a supplemental record. We have examined said petition and the supplemental record sought to be filed, and have concluded that it is not necessary to the determination of the questions presented by this appeal, and the petition, therefore, is denied.

We now proceed to a consideration of the questions going to the merits of this appeal.

*First:* Paragraphs I and II of the complaint neither allege nor attempt to allege a cause of action against either, appellee Mercantile National Bank or appellee Crumpacker, and their separate demurrer as to these paragraphs of the complaint were, of course, properly sustained.

*Second:* We shall consider the court's ruling on the demurrer of appellee Crumpacker as it applies to paragraph III which seeks only injunctive relief as against him and appellee, Mercantile National Bank. Paragraph III of the complaint states "that said bank account *is believed* to be under the control of the defendant, J. Carter Miller and/or the defendant, Owen W. Crumpacker;". (Our italics).

The mere apprehensions, belief, or fears of a complainant, unsupported by an affidavit of some other person having personal knowledge of the facts alleged that the same are true, do not constitute sufficient ground for the interference of equity by injunction. *Spurgeon* v. *Rhodes* (1906), 167 Ind. 1, 7, 78 N. E. 228.

The complaint herein, in order to withstand a demurrer, must show on its face facts sufficient to invoke equity jurisdiction. *Landers* v. *Walls* (1903), 160 Ind. 216, 222, 66 N. E. 679. It fails to show that defendant (appellee Crumpacker) has any material interest in the subject-matter of the action or that he is in any way affected thereby.

We do not deem the unsupported affidavit of the secretary-treasurer of appellant, in verification of the complaint, that he believes that defendant, Owen W. Crumpacker, has control of the bank account allegedly deposited by defendant, Miller, and that unless enjoined will withdraw it from the bank, sufficient grounds for invoking the extraordinary remedy of injunction. From the foregoing, it is our opinion that the complaint herein clearly does not state facts sufficient to state a cause of action for injunctive relief against appellee, Owen W. Crumpacker, and the trial court did not err in sustaining his separate demurrer thereto.

*Third:* We next consider the ruling on the separate demurrer of appellee, Mercantile National Bank of Hammond. The question thus presented is: Can a plaintiff in a suit on account and for money had and received enjoin the bank, in which the defendant has allegedly deposited such money, from paying it to defendant, or his order, pending a final determination of the action upon the mere filing of a verified complaint such as the one before us?

Appellant relies upon *Campbell* v. *Brackett* (1910), 45 Ind. App. 293, 90 N. E. 777, to support his position that an injunction should issue against the appellee Bank herein as prayed, and for the reasons stated in the complaint. That was a case where appellant Campbell deposited in a local bank a town warrant which had been paid him for services as town attorney on a claim which was not itemized and verified as provided by statute. After a demurrer to the complaint had been overruled, defendant Campbell then filed an answer specifically admitting the allegations of the complaint. A demurrer to this answer was sustained and defendant Campbell refused to plead further. The bank answered that it had received and deposited the check drawn upon the town treasurer and payable to Campbell. In that case plaintiff's interest in the deposit which was credited to Campbell's account was established by defendant's answer. The injunction there was not issued upon the mere sworn statement of plaintiff that the money in question belonged to, and was the property of, the town of Rochester. The right to levy upon the account was established before equity intervened by injunctive relief to prevent a dissipation of the fund and protect the right of plaintiff to have the money paid to its lawful owner. This situation does not exist in the case at bar.

Here appellant is attempting to tie up appellee, J. Carter Miller's bank account by enjoining his bank from paying out the funds to him, or his order, until such time as they can establish their alleged right to the money in the account, upon the mere statement in their verified complaint that the bank holds money deposited to the account of appellee Miller which was received by him for its use and benefit, and that he has insufficient assets other than said account to pay

and discharge its claim. The Campbell case lends no support to appellant's position herein.

We have been furnished no authority to support appellant's contention that a court of equity may properly invoke the extraordinary remedy of injunction in such a situation as that here presented. If such were the law, the bank account of no depositor, large or small, would be safe from temporary seizure by an unscrupulous creditor. If any creditor who claims that his debtor has money on deposit can, upon the mere filing of a verified complaint such as the one here before us, "impound" such account until such time as he may secure a judgment which might be enforced against the account, then the credit system upon which our economy operates would be demoralized. This would not be equity but injustice.

It is well established that courts may restrain banks, upon a proper showing, in a divorce action from paying out the bank account of the husband. This is based upon sound reasoning and the authority stems from the relation of husband and wife. There is statutory authority in this state[1] for the issuance of injunctions pendente lite in certain situations, but the facts alleged in appellant's complaint do not bring it within the provisions of this statute. There might arise other situations where, upon proper showing, a bank might be enjoined from paying out funds. However, the case at bar does not present such a situation. Plaintiff's complaint herein wholly fails to state facts sufficient to state a case for injunctive relief against appellee, Mercantile National Bank of Hammond, and the court did not err in sustaining its demurrer.

1. Acts 1881 (Spec. Sess.), ch. 38, §178, p. 140, being §3-2102, Burns' 1946 Replacement.

*Fourth:* Did the court err in overruling appellant's petition for temporary injunction? The application for temporary injunction was submitted on the verified complaint and affidavits by Alva H. Ortman, General-Manager of appellant company, Carl Speickert, president of appellant company, and Nelson Ortman, all on behalf of plaintiff, and affidavits by William P. Murray, Vice-President of appellee Mercantile National Bank of Hammond, appellee Crumpacker, and appellee Miller, on behalf of defendant Miller.

The evidence is conflicting. The granting of a temporary injunction rests in the sound discretion of the trial court, and its decision therein will not be disturbed on appeal unless it is shown that the court's action was arbitrary or constituted a clear abuse of discretion. *Tuf-Tread Corp.* v. *Kilborn* (1930), 202 Ind. 154, 157, 172 N. E. 353; *Pub. Serv. Comm.* v. *Ind'p'ls. Railways* (1947), 225 Ind. 30, 72 N. E. 2d 434.

No arbitrary action or abuse of discretion is here shown or asserted. Under these circumstances we cannot say that the trial court erred in refusing to grant the temporary injunction against appellee Miller.

Finding no reversible error the judgments of the trial court are affirmed.

Judgments affirmed.

Gilkison, J., not participating.

Draper, C. J., Emmert and Flanagan, JJ., concur.

NOTE.—Reported in 117 N. E. 2d 558.